**The STATE of Ohio, Appellant,**

**v.**

**SWEENEY, Appellee.**

[Cite as *State v. Sweeney* (1991), 72 Ohio App.3d 404.]

Court of Appeals of Ohio,
Franklin County.

Nos. 90AP–250 to 90AP–252.

Decided Feb. 5, 1991.

*Ronald J. O'Brien,* City Attorney, *James J. Fais,* City Prosecutor, and *Thomas K. Lindsey,* for appellant.

*Cloppert, Portman, Sauter, Latanick & Foley* and *Grant D. Shoub,* for appellee.

---

STRAUSBAUGH, Judge.

These are appeals by plaintiff, state of Ohio, from judgments in the Franklin County Municipal Court dismissing the charges on the ground that the common definition of "gesture" does not include the touching of another as alleged in the complaints. The record indicates that on December 1, 1989, defendant Thomas E. Sweeney was charged with three counts of disorderly conduct in violation of R.C. 2917.11(A)(2), which provides:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"* * *

"(2) Making unreasonable noise or offensively coarse utterance, *gesture,* or display, or communicating unwarranted and grossly abusive language *to any person* [.]" (Emphasis added.)

The complaints provide, in pertinent part, as follows:

"[Case number 90AP–250] Complainant being duly sworn states that Thomas E. Sweeney at Franklin County Ohio, on or about the 25th day of Oct. 1989 did recklessly cause annoyance to another, to wit: April Novatney, female 13 yrs. of age, by making an offensively course [*sic*] gesture to April Novatney, which was likely to provoke the average person to an immediate breach of the peace, to wit: touched the right buttock of April Novatney, with his left hand * * *."

"[Case number 90AP–251] Complainant being duly sworn states that Thomas E. Sweeney at Franklin County Ohio, on or about the 6th day of Nov. 1989 did recklessly cause annoyance to another, to wit: Christina Kempf, female 13 yrs. of age, by making an offensively course [*sic*] gesture to Christina Kempf, which was likely to provoke the average person to an immediate breach of the peace, to wit: by fondling and squeezing her left breast with his hand * * *."

"[Case number 90AP–252] Complainant being duly sworn states that Thomas E. Sweeney at Franklin County Ohio, on or about the 7th day of Nov. 1989 did recklessly cause annoyance to another, to wit: Christina Kempf, female 13 yrs. of age, by making an offensively course [*sic*] gesture to Christina Kempf, which was likely to provoke the average person to an immediate breach of the peace, to wit: by fondung [*sic*] both of her breasts with his hands, while in the teacher's lounge * * *."

On December 19, 1989, defendant entered a not guilty plea to the charges and demanded a trial by the court. On January 2, 1990, defendant filed a motion to dismiss on the ground that the defendant's actions did not constitute a gesture. Defendant's motion to dismiss was orally argued on January 23, 1990. In an entry dated February 7, 1990, defendant's motion to dismiss was sustained and the charges were dismissed. A judgment entry was filed on February 14, 1990, from which the plaintiff now appeals, setting forth the following single assignment of error: "The trial court erred in dismissing the disorderly conduct charges."

The purpose of the affidavit filed in a criminal case is to provide reasonable notice to the defendant of the nature of the offense. In the present cases, the affidavits provide sufficient notice to the defendant by including the nature of the offense, the time and place of the alleged offense, the statutory language, the statute number, and a brief description of the conduct alleged, thus stating all of the essential elements of the offense. The inclusion of the "to wit" language in the affidavits does not prevent the prosecution from presenting additional evidence at trial which would constitute the offense charged. Under Crim.R. 7(D), a complaint may be amended at any time to conform to the evidence presented at trial.

The definition of the word "gesture" is "the use of motions of the limbs or body as a means of intentional expression[;] * * * a movement usu. [usually] of the body or limbs that symbolizes or emphasizes an idea, sentiment, or attitude * * *." We find nothing in this definition which would preclude a touching. The fondling of another's breasts or the touching of another's buttock can constitute a gesture as used in the present statute. Following the presentation of evidence by the state, the legal sufficiency of such evidence can properly be challenged by defendant by a motion under Crim.R. 29.

We find that the charges herein were prematurely dismissed by the trial court. To lovingly caress with the hands is certainly a movement of the limbs that expresses a sentiment. An accidental touching of another's buttock would not constitute a gesture. However, a person's gentle pat or touching of his or her spouse's buttock or the fondling of a wife's breast can be a common gesture of affection.

In the instant case, the complaints were legally sufficient to state all of the essential elements of the offenses and to apprise the defendant of the nature of the alleged charges. Had the defendant wished additional information regarding the manner of touching, then defendant should have requested a bill of particulars. Furthermore, at trial, the prosecution would have an

opportunity to adduce evidence as to the manner of the touching or fondling and squeezing.

For the foregoing reasons, plaintiff's single assignment of error is sustained, and the judgments of the trial court are reversed, and this cause is remanded to the trial court for further proceedings.

*Judgments reversed
and cause remanded.*

REILLY, P.J., and JOHN C. YOUNG, J., concur.