Plaintiff, State of Ohio, appeals from the judgment of the Franklin County Municipal Court dismissing two counts of aggravated menacing against defendant, Norman J. Andrews, pursuant to Crim.R. 3. The state raises one assignment of error, which we find to be without merit. As a result, we affirm.
On January 27, 1998, defendant was charged by separate complaints with two counts of aggravated menacing, in violation of R.C. 2903.21. On February 3, 1998, defendant filed a demand for discovery and a "Request for Notice of Intention to Use Evidence." Defendant filed a motion for continuance on June 12, 1998, in order to gain additional time to prepare for trial. The continuance was granted and a jury trial was scheduled to begin on July 20, 1998. On this date, defendant filed a motion to dismiss the charges pursuant to Crim.R. 3, which requires that complaints contain a written statement of the essential facts of the offense charged. The trial court granted the motion and held that the complaints failed to conform to the requirements of Crim.R. 3. The court con-cluded that it lacked jurisdiction to proceed with the case. The state appeals the judgment of the trial court and raises the following assignment of error:
 The trial court erred as a matter of law when it sustained defendant's motion to dismiss the criminal charges for faulty affidavits, when the affidavits contained all the material elements of the criminal charges.
In the assignment of error, the state contends that the complaints in the instant case complied with Crim.R. 3 because they stated all of the material elements of aggravated menacing. This offense is defined in R.C. 2903.21(A), which provides that: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person, such other person's unborn, or a member of the other person's immediate family." The state argues that since the elements of the offense were listed in the complaints, the complaints sufficiently informed defendant of the crimes charged. The state further contends that defendant received supplemental facts through discovery proceedings. In support of this contention, the state notes that defendant requested and received formal discovery of the underlying facts constituting the offense charged, including an eight-page interview with defendant.
The purpose of a complaint filed in a criminal case is to provide reasonable notice to the defendant of the nature of the offense. State v. Sweeney (1991), 72 Ohio App.3d 404, 406. A complaint provides sufficient notice to the defendant by including the nature of the offense, the time and place of the alleged offense, the statutory language, the statute number, and a brief description of the conduct alleged, thus stating all of the essential elements of the offense. Id. A complaint must notify the defendant of the offense with which he is charged so that he may prepare for trial. Cincinnati v. Gardner (1991), 61 Ohio Misc.2d 552,554.
In the instant case, the complaints failed to describe the events that gave rise to the offenses charged. In addition, the complaints failed to provide specific informa-tion relating to both the incident and defendant's conduct. The complaints state that defendant, "[o]n or about the 19th day of December, 1997 did: knowingly cause Harry Lyons [and Mindy Lyons] to believe that the said Norman Andrews would cause serious physical harm to the person or property of Harry Lyons [and Mindy Lyons]." Although the complaints include information regarding the elements of the offense charged, they lack a description of the factual events pertaining to the alleged incident. Since the "essential facts" requirement in Crim.R. 3 is not satisfied by the language in the complaints, the state's assignment of error is not well-taken.
For the foregoing reasons, the state's assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BOWMAN, J., and LAZARUS, P.J., concur.