JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Myron Hood ("defendant") appeals from the judgment of the trial court after he was found guilty of animal cruelty and thereafter sentenced. For the reasons set forth below, we reverse.
 {¶ 2} On August 20, 2003, defendant was charged with cruelty to animals in violation of Newburgh Heights Ordinance Section505.07. Defendant pled not guilty, the matter proceeded to a bench trial and defendant was found guilty of animal cruelty. He was thereafter sentenced to 90 days in jail, which were suspended, a $200 fine, $100 of which was suspended and, as a condition of his two-year term of probation, was prohibited from owning or possessing any animals or pets during his probation. It is from the trial court's ruling that defendant now appeals, asserting three assignments of error for our review.
 {¶ 3} "I. The defendant-appellant was denied due process of law when he was convicted of an offense not properly charged in the complaint."
 {¶ 4} Defendant maintains that the complaint charging him with animal cruelty in violation of Newburgh Heights Ordinance Section 505.07 was insufficient as a matter of law. Specifically, he asserts the complaint was not properly signed and that it failed to set forth the essential elements of the offense.
 {¶ 5} The filing of a valid complaint is a necessary prerequisite to a court obtaining subject matter jurisdiction.State v. Kozlowski (Apr. 18, 1996), Cuyahoga App. No. 69138 citing State v. Bishop (Dec. 3, 1993), Clark App. No. 3070 andState v. Miller (1988), 47 Ohio App.3d 113. Therefore, the question of whether a complaint is valid is a question of law, and this court's standard of review is de novo. Id.
 {¶ 6} Crim.R. 3 provides:
 {¶ 7} "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."
 {¶ 8} Generally, an indictment must allege all elements of the crime charged. State v. Jester (1987), 32 Ohio St.3d 147,149, certiorari denied (1988), 484 U.S. 1047. If a material element identifying the offense is omitted from the indictment, it is insufficient to charge an offense. Id. citing Harris v.State (1932), 125 Ohio St. 257, 181 N.E. 104. State v. Headley
(1983), 6 Ohio St.3d 475; State v. Wozniak (1961),172 Ohio St. 517;
 {¶ 9} "The formal criminal charge whether by an indictment, an information, or a complaint under Criminal Rule 3, must contain the constituent elements of a criminal offense. While all the specific facts relied upon to sustain the charge need not be recited, the material elements of the crime must be stated."State v. Burgun (1976), 49 Ohio App.2d 112, at paragraph one of the syllabus." The numerical designation of the applicable criminal statute in a complaint does not cure the defect in failing to charge on all the essential elements of the crime." Id. at paragraph two of the syllabus. "A complaint is legally sufficient when it states all of the essential elements of the offense, such that the complaint provides the defendant with reasonable notice of the nature of the offense." State v.Sweeney (1991), 72 Ohio App.3d 404. State ex rel Novak v.Carroll (Sept. 2, 1999), Cuyahoga App. No. 75098; Brecksvillev. Marchetti (Nov. 22, 1995), Cuyahoga App. Nos. 67719 and 67722, appeal dismissed (1996), 76 Ohio St.3d 1404. In this case, the ordinance under which defendant was charged, Newburgh Ordinance Section 505.07, "Cruelty to Animals," states:
 {¶ 10} "(a) No person shall:
 {¶ 11} "(1) Torture an animal, deprive one of necessary sustenance, or unnecessarily or cruelly beat, needlessly mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water;
 {¶ 12} "(2) Impound or confine an animal without affording it, during such confinement, access to shelter from wind, rain, snow or excessive direct sunlight if it can reasonably be expected that the animal would otherwise become sick or in some other way suffer. This subsection (a)(2) does not apply to animals impounded or confined prior to slaughter. For the purpose of this section, `shelter' means a man-made enclosure, windbreak, sunshade or natural windbreak or sunshade that is developed from the earth's contour, tree development or vegetation;
 {¶ 13} "(3) Carry or convey an animal in a cruel or inhuman manner;
 {¶ 14} "(4) Keep animals other than cattle, poultry or fowl, swine, sheep or goats in an enclosure without wholesome exercise and change of air, nor feed cows on food that produces impure or unwholesome milk;
 {¶ 15} "(5) Detail livestock in railroad cars or compartments longer than twenty-eight hours after they are so placed without supplying them with necessary food, water and attention, nor permit such livestock to be so crowded as to overlie, crush, wound or kill each other. * * *
 {¶ 16} "(c) Whoever violates this section is guilty of a misdemeanor of the second degree * * *."
 {¶ 17} In this matter, the complaint stated: "[Defendant] * * * unlawfully in Newburgh Heights Village, in Cuyahoga County and State of Ohio did `505.07 Animal Cruelty.'" We find this complaint to be insufficient as a matter of law.
 {¶ 18} The complaint does not state an essential element of any offense contained within the ordinance, which is quite vast in nature. We find that the charging instrument denied defendant the opportunity to have reasonable knowledge regarding the nature of the offense, thus denying him the ability to adequately respond to the charges brought against him. Accord Hamilton v.Kuehne (May 10, 1999), Butler App. No. CA98-05-111. We therefore find defendant's first assignment of error well-taken.
 {¶ 19} Having sustained defendant's first assignment of error, we find his remaining assignments of error regarding the manifest weight of the evidence and his sentence to be moot.
 {¶ 20} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese, Jr., J., concur.