OPINION
{¶ 1} Defendant, Paul Sampson, appeals from his conviction and sentence for disorderly conduct.
 {¶ 2} On February 9, 2007, Defendant contacted Cheryl Holly, a U.S. Airways customer service representative who handles lost luggage claims at the Dayton International *Page 2 
Airport. While Ms. Holly was assisting other passengers, Defendant approached her counter in a very aggressive manner, bumping into people and pushing other customers aside. Defendant was yelling, swearing, and banging his fists on the counter in a threatening manner. Defendant also grabbed at bags in the baggage claim office and yelled about his "God damn luggage."
 {¶ 3} Defendant's voice was very loud and his tone was very threatening. Defendant came within a foot or two of Ms. Holly and he leaned over the counter while he continued to yell. Ms. Holly was afraid for herself and the other passengers, some of whom became nervous and moved away from Defendant as he continued to yell, scream and waive his arms. Ms. Holly asked Defendant three or four times to calm down, but he continued to yell, scream and beat his fists on the counter. Defendant also poked his finger in Ms. Holly's face and threatened to file a lawsuit against U.S. Airways. At that point, Ms. Holly contacted security.
 {¶ 4} Officer Matthew Lykins arrived and observed that Defendant was very upset. After speaking to Ms. Holly, Officer Lykins talked to Defendant, who became louder and louder. Defendant began yelling "damn" loud enough that other passengers turned to look. Officer Lykins told Defendant to *Page 3 
watch his language because of the many children in the area, and to lower his voice. Defendant continued yelling "damn," and when Officer Lykins told Defendant that he would be cited for disorderly conduct, Defendant told Lykins "this is damn stupid." Officer Lykins then warned Defendant that if he did not stop shouting profanity he would be arrested for repeated disorderly conduct. Defendant was subsequently charged with disorderly conduct.
 {¶ 5} Defendant was charged by complaint filed in Dayton Municipal Court with disorderly conduct in violation of section 137.01 of the Revised Code General Ordinances of Dayton. Prior to trial beginning on May 2, 2007, the prosecutor specified that Defendant had violated R.C.G.O. Section 137.01(A)(2). Defendant moved to dismiss the complaint pursuant to Crim.R. 12(C)(2), claiming that because it failed to include the necessary culpable mental state, recklessness, the complaint failed to charge an offense. The trial court overruled Defendant's motion to dismiss the complaint, and the matter was tried to the court. Defendant testified in his own defense and denied being loud, threatening, and abusive. The trial court did not believe Defendant and found him guilty of disorderly conduct as charged. The trial court fined Defendant fifty dollars plus *Page 4 
court costs.
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE COURT ERRED WHEN IT OVERRULED DEFENDANT MOTION TO DISMISS THE COMPLAINT, ALTHOUGH IT WAS INSUFFICIENT AS A MATTER OF LAW."
 {¶ 8} Defendant argues that the complaint in this case is fatally defective and legally insufficient to charge disorderly conduct because it does not include all of the essential elements of that offense: specifically, the culpable mental state of recklessness. We agree.
 {¶ 9} Section 10, Article I of the Ohio Constitution guarantees every defendant the right to know the nature and cause of the accusation against him. State v. Burgun (1976), 49 Ohio App.2d 112. Due process requires that a criminal defendant be given fair notice of the charge(s) against him. In re Oliver (1948), 333 U.S. 257, 68 S.Ct. 499,92 L.Ed. 682. The primary purpose of a charging instrument in a criminal prosecution is to inform the defendant of the nature of the offense with which he is charged. Burgun. Accordingly, Ohio law has consistently held that an indictment or complaint that does not set forth all of the essential elements of the crime *Page 5 
is invalid. State v. Cimpritz (1953), 158 Ohio St. 490; State v.Goodman (1966), 8 Ohio App.2d 166; Burgun, supra; City of Centerville v.Corbitt (October 22, 1980), Montgomery App. No. 6856.
 {¶ 10} In Ohio, all crimes are statutory. State v. Hous, Greene App. No. 02CA116, 2004-Ohio-666. Crim.R. 3 governs complaints filed in misdemeanor cases, and states that the complaint must contain the "essential facts constituting the offense charged." Ohio courts have consistently held that means those facts which the State must prove in order to obtain a conviction; in other words, the essential elements of the crime charged. Therefore, a complaint must contain the essential elements of the crime charged. Burgun; Corbitt. See also: Harris v.State (1932), 125 Ohio St. 257. Furthermore, the fact that the complaint contains the numerical designation of the applicable statute or ordinance violated cannot cure the failure of the complaint to charge all of the essential elements of the offense. Burgun; Corbitt; Fouts v.State (1857), 8 Ohio St. 98.
 {¶ 11} Defendant was convicted of disorderly conduct in violation of R.C.G.O. Section 137.01(A)(2), which is identical to R.C. 2917.11(A)(2). Those sections provide:
 {¶ 12} "(A) No person shall recklessly cause inconvenience, *Page 6 
annoyance, or alarm to another by doing any of the following:
 {¶ 13} "* * *
 {¶ 14} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person."
 {¶ 15} The complaint in this case states that Defendant "did unlawfully cause/commit disorderly conduct: caused and engaged in loud and coarse language that others may find abrasive and/or abusive."
 {¶ 16} Liability for a criminal offense is based upon (1) conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing, and (2) the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense. R.C. 2901.21(A). R.C.G.O. 137.01(A)(2), and R.C. 2917.11(A)(2), clearly make the culpable mental state of recklessness one of the essential elements of the crime of disorderly conduct. Nowhere in the complaint, however, is Defendant charged with acting recklessly. That essential element of the crime as defined by the statute and/or ordinance is missing from the complaint, and the State concedes as much in its brief. Such a defect cannot be cured by a bill of particulars. Hous. *Page 7 
 {¶ 17} Although the complaint could have been amended to include the required culpable mental state, State v. O'Brien (1987),30 Ohio St.3d 122, the State never requested that the complaint be amended and the trial court did not amend the complaint. Rather, prior to the commencement of trial when Defendant moved to dismiss the complaint because it failed to charge an offense, an objection which may be raised at any time pursuant to Crim.R. 12(C)(2), the trial court agreed with the prosecutor that the complaint was sufficient to charge the offense of disorderly conduct. That decision is simply wrong.
 {¶ 18} The State argues that, nevertheless, Defendant was not prejudiced because his counsel "conceded that given the way the charges were worded that he could assume his client was charged with a violation of City of Dayton Revised Ordinances 137.01(A)(2). (Tr.5)." Brief, p. 5. The identity of the proper section was clarified by the prosecutor, but upon that representation Defendant's counsel moved to dismiss because the complaint failed to state an offense. (Tr. 4). Counsel did not concede that the complaint was sufficient, as the State implies.
 {¶ 19} The State also relies on authority which it cites at page 5 of its brief and in its table of authorities as "State v. Sarver, 2007 Ohio App. Lexis 566." That is not a form of *Page 8 
citation approved by The Supreme Court of Ohio in its Manual of Citations, most recently revised on May 1, 2002. Further, the State failed to attach a copy of the opinion in that case to its brief, which it is required to do when an opinion is not published in the Ohio Appellate Reports. Loc.App.R. 9. Those defects were pointed out to counsel for the State at oral argument.
 {¶ 20} Following the oral argument, on February 5, 2008, the State filed a "Motion For Leave To Complete Appellee's Brief." Attached to the motion are copies of the opinions in Sarver and two other cases,State v. Cunningham, Franklin App. No. 06AP-145, 2006-Ohio-6373, andState v. Grills (June 8, 1994), Greene App. No. 92-CA-92.
 {¶ 21} Counsel for the State should note that the citation toCunningham in the preceding paragraph does not include Lexis reference. Neither does the Supreme Court's Manual of Citations authorize use of a Lexis reference. Its appearance doesn't disqualify a citation in which it is used, but its use does not satisfy the Manual of Citations requirement to refer to both the court of appeals case number and the Supreme Court website number when an unpublished opinion of a court of appeals is cited.
 {¶ 22} In any event, after reviewing Sarver and Cunningham, *Page 9 
we find neither authority persuasive with respect to the issue presented.
 {¶ 23} In Sarver, the defendant failed to object in the trial court to a defect in the indictment, and so the appellate court applied the plain error standard of review. In the present case, Defendant objected to the defect, preserving for review the error the court committed when it overruled the objection. For the reasons previously discussed, the error was not harmless.
 {¶ 24} Neither do the copies of Cunningham and Grills that the State attached to its motion offer any guidance. As it happens, the copies include only every other page of the opinions in Cunningham andGrills that were apparently printed from the Lexis website. Counsel is encouraged to examine such materials before filing them.
 {¶ 25} Finally, the State relies on R.C. 2945.83(A), which it cites at page 5 of the State's brief as stating "that, `no judgment of conviction may be reversed because of an imperfection in the charging instrument if the accused was fairly and reasonably informed of the charge. O.R.C. 2945.83(A)." The contention is at best a pure invention, and at worst a misrepresentation. R.C. 2945.83(A) which has remained unchanged since its codification in 1953, states: *Page 10 
 {¶ 26} "No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:
 {¶ 27} "(A) An inaccuracy or imperfection in the indictment, information, or warrant, provided that the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him."
 {¶ 28} R.C. 2945.83(A) requires that the charge as pleaded on the face of the indictment or complaint be sufficient in its terms to provide fair notice. That section does not permit the court to look to events outside the indictment, such as the concession the State improperly contends that Defendant's attorney made, for the necessary clarification.
 {¶ 29} Because the complaint upon which Defendant's conviction is based omits and fails to charge an essential element of the crime of disorderly conduct, the culpable mental state of recklessness, it is fatally defective and fails to charge an offense under the laws of Ohio. Therefore, Defendant's conviction for disorderly conduct is void and must be reversed. Hous; Cimpritz; Goodman; Burgun; Corbitt. That reversal, however, does not prevent re-prosecution of Defendant upon properly drawn complaints. See State v. Radebaugh (1982),5 Ohio App. 3d 152, 156; Vandalia v. Hix *Page 11 
(June 16, 1987), Montgomery App. No. 10177, J. Wolff dissenting.
 {¶ 30} Defendant's first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 {¶ 31} "THE CITY PRESENTED INSUFFICIENT EVIDENCE FOR THE COURT TO FIND THAT DEFENDANT COMMITTED A VIOLATION OF SECTION 137.01(A)(2) OF THE DAYTON CODIFIED ORDINANCES."
 {¶ 32} This assignment of error which argues that the State presented insufficient evidence to support a conviction for disorderly conduct has been rendered moot by our disposition of the first assignment of error. Accordingly, we need not address this issue. App.R. 12(A)(1)(c).
 {¶ 33} Having sustained Defendant's first assignment of error, Defendant's conviction for disorderly conduct will be reversed and this case will be remanded to the trial court for further proceedings consistent with this opinion.
 Fain, J. and Donovan, J., concur. *Page 1