**The STATE of Ohio, Appellee,**

v.

**HOERIG, Appellant.**

[Cite as *State v. Hoerig,* 181 Ohio App.3d 86, 2009-Ohio-541.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–08–39.

Decided Feb. 9, 2009.

Richard A. Palau, for appellee.

Richard A. Kahler, for appellant.

ROGERS, Judge.

{¶ 1} Defendant-appellant, Daniel J. Hoerig, appeals from the judgment of the Tiffin Municipal Court sentencing him to a 30–day jail term, ordering a $150 fine, and placing him on one year of nonreporting community control. On appeal, Hoerig argues that the trial court erred in convicting and sentencing him on his no-contest plea where the statement and explanation of facts and circumstances submitted to the trial court failed to present facts satisfying the elements of the crime charged as required by R.C. 2937.07, and where the complaint failed to charge an offense because it did not set forth the elements of the crime or the facts constituting the offense pursuant to Crim.R. 3. Finding that the complaint did not assert the elements of the offense as required by Crim.R. 3, we reverse the judgment of the trial court.

{¶ 2} In June 2008, an American Pitbull Terrier ("pitbull") being kept by Hoerig escaped from his apartment and attacked a beagle that was being walked by a juvenile girl. During the attack, a passerby, Roger Gibson, observed the attack, stopped to help separate the dogs, and sustained minor injuries to his hand.

{¶ 3} After police officers and Seneca County Dog Warden Kelly Marker responded to the scene, gained control of the pitbull, and questioned all parties involved, Hoerig was issued three citations for failure to obtain liability insurance on a vicious dog in violation of R.C. 955.22(E), a misdemeanor of the first degree; failure to keep a dog confined or under reasonable control in violation of R.C. 955.22(D)(1), a misdemeanor of the first degree; and failure to file an application for registration of a dog in violation of R.C. 955.21, a minor misdemeanor.[1] The citation for failure to obtain liability insurance merely listed the code section and the maximum possible penalty, with no statement of the name of the offense, the facts surrounding the offense, or the elements of the offense. Furthermore, the citation was sworn under oath.

{¶ 4} In July 2008, Hoerig entered a plea of not guilty to all charges. Subsequently, Hoerig withdrew his plea of not guilty on the charge of failure to obtain liability insurance and entered a plea of no contest to the charge. In addition, Hoerig filed a joint stipulation of statement of circumstances. Contained in the stipulation was an incident report prepared by Marker. The statement provided that as she responded to the scene, two police officers had already contained the pitbull; that the police officers advised her that the pitbull had attacked a beagle as its juvenile owner was walking it; that she spoke with Melissa Hoerig, who advised her that the pitbull was her father's and that it had broken through the screen door; and that she spoke with Daniel Hoerig, who stated that the pitbull was not his, but that he had received it from a friend a couple of days prior on the assumption that he could return the dog if he had any problems with it. The report continued that Hoerig informed her that there had not yet been a transfer of ownership of the dog; that the dog did not have a license; and that she issued Hoerig three citations for failure to keep the dog under reasonable control, for failure to obtain liability insurance on the dog, and for failure to file an application for registration of the dog.

{¶ 5} Subsequently, the trial court accepted Hoerig's no-contest plea, sentenced him to a 30–day jail term, ordered a $150 fine, and placed him on one year of nonreporting community control.

---

1. Although Hoerig is charged with three separate violations, only the charge for failure to obtain liability insurance is the subject of this appeal.

{¶ 6} In August 2008, Hoerig filed a motion for arrest of judgment pursuant to Crim.R. 34. In the motion, Hoerig claimed that the complaint for failure to obtain liability insurance on the dog was insufficient to meet the requirements of Crim.R. 3 and insufficient to place him on notice of the charge against him because it did not contain the essential elements of the offense, but contained only the numerical designation for the code section violation. The trial court never ruled on this motion. Subsequently, Hoerig filed a notice of appeal to this court.

{¶ 7} In September 2008, this court dismissed Hoerig's appeal for lack of a final, appealable order pursuant to Crim.R. 32(C), as the form judgment entry filed by the trial court failed to state the offense of which Hoerig was convicted and sentenced.

{¶ 8} In October 2008, the trial court filed an amended judgment entry, which reflected the Revised Code section under which Hoerig was convicted.

{¶ 9} It is from this judgment that Hoerig appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

As a matter of law, the trial court committed error prejudicial to the defendant-appellant by convicting him and sentencing him on a no-contest [sic] plea for a violation of Ohio Revised Code § 955.22(E) since the statement and explanation of facts and circumstances presented by the prosecution were insufficient to meet all the elements of that charged crime.

### Assignment of Error No. II

Since the criminal complaint failed to state the essential facts constituting the offense charged, the complaint was invalid, failed to state an offense and a proper charge, [sic] the trial court erred in convicting and sentencing defendant-appellant on a no-contest [sic] plea for violation of Ohio Revised Code § 955.22(E).

{¶ 10} Due to the nature of Hoerig's assignments of error, we elect to address his second assignment of error first.

### Assignment of Error No. II

{¶ 11} In his second assignment of error, Hoerig contends that the trial court erred in convicting him on his no-contest plea because the complaint failed to state an offense and properly charge him. Specifically, Hoerig argues that because the complaint does not set forth the elements of the offense, the essential facts constituting the offense, or the name of the offense, and states only the numerical designation of the code section violation, it fails to meet the require-

ments of Crim.R. 3 and to give him proper notice of the charge against him. We agree.

{¶ 12} A valid complaint is a necessary condition precedent for the trial court to obtain jurisdiction in a criminal matter. *New Albany v. Dalton* (1995), 104 Ohio App.3d 307, 311, 661 N.E.2d 1132; *Newburgh Hts. v. Hood*, 8th Dist. No. 84001, 2004-Ohio-4236, 2004 WL 1799175, ¶ 5, citing *N. Royalton v. Kozlowski*, 8th Dist. No. 69138, 1996 WL 191771. An objection as to whether a complaint properly charges an offense may be raised at any time during the pendency of the action. Crim.R. 12(C)(2); *State v. Sampson*, 2d Dist. No. 22214, 2008-Ohio-775, 2008 WL 501593, ¶ 17. An action is considered to be pending until a final judgment has been rendered. *Maynard v. Eaton Corp.*, 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, ¶ 13. Furthermore, appellate review of the validity of a complaint is de novo. *Hood*, 2004-Ohio-4236, 2004 WL 1799175, at ¶ 5.

{¶ 13} Crim.R. 3 sets forth the requirements for a criminal complaint and provides:

> The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths.

{¶ 14} The primary purpose of a criminal complaint is to provide the accused with notice as to the nature of the charges against him. *State v. Villagomez* (1974), 44 Ohio App.2d 209, 211, 73 O.O.2d 215, 337 N.E.2d 167; *State v. Riffle* (Mar. 12, 2001), 4th Dist. No. 00CA041, 2001 WL 273202, citing *State v. Lindway* (1936), 131 Ohio St. 166, 5 O.O. 538, 2 N.E.2d 490. "A complaint sufficiently charges an offense when all the elements constituting the offense charged are sufficiently set forth and nothing therein contained is ambiguous. A complaint is generally deemed to be sufficient if it charges an offense in the words of the statute or ordinance upon which it is based." *State v. White–Barnes*, 4th Dist. No. 1841, 1992 WL 368844. See also *State v. Hawk*, 3d Dist. No. 1–03–54, 2004-Ohio-922, 2004 WL 370403, ¶ 10. The fact that a complaint contains the numerical designation of the statute violated does not cure the failure of the complaint to list all essential elements of the offense. *Sampson*, 2008-Ohio-775, 2008 WL 501593, at ¶ 10, citing *State v. Burgun* (1976), 49 Ohio App.2d 112, 3 O.O.3d 177, 359 N.E.2d 1018.

{¶ 15} We initially note that the only charging document in this case was the citation given to Hoerig from Marker. However, the citation was sworn under oath, and therefore, it served as the complaint to provide notice to Hoerig.

{¶ 16} Here, after the trial court had accepted Hoerig's no-contest plea and sentenced him, and before Hoerig filed a notice of appeal, he filed a motion for arrest of judgment pursuant to Crim.R. 34, asserting that the complaint failed to charge an offense. While Hoerig filed this motion after he had been sentenced and before he filed his notice of appeal, the proceedings were still pending because a final judgment had yet to be issued due to the trial court's improperly transcribed judgment entry. Consequently, Hoerig properly preserved this error for appeal by objecting to the complaint during the pendency of the proceedings. See Crim.R. 12(C)(2).

{¶ 17} Our examination of the citation charging Hoerig with failure to obtain liability insurance on his pitbull reveals that it merely states the statute number with which he was charged and the maximum possible penalty if convicted. Nowhere on the citation were the name of the offense or any elements of the offense listed. Consequently, we find that this citation failed to meet the requirements of Crim.R. 3 to properly charge the offense of failure to obtain liability insurance on a vicious dog.

{¶ 18} Accordingly, we sustain Hoerig's second assignment of error.

### Assignment of Error No. I

{¶ 19} In his first assignment of error, Hoerig argues that the trial court erred in accepting his no-contest plea and entering a conviction against him because the statement and explanation of facts and circumstances presented by the state failed to set forth facts demonstrating that he committed the offense charged, as required by R.C. 2937.07.

{¶ 20} However, our disposition of Hoerig's second assignment of error renders his first assignment of error moot, and we decline to address it. App.R. 12(A)(1)(c).

{¶ 21} Having found error prejudicial to the appellant herein, in the particulars assigned and argued in his second assignment of error, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

PRESTON, P.J., and SHAW, J., concur.