[Cite as *State v. McKittrick*, 2011-Ohio-5899.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

THE STATE OF OHIO,             :     JUDGES:

:

:     Hon.  W. Scott Gwin, P.J.

         Appellee,       :     Hon.  William B. Hoffman, J.

:     Hon.  Patricia A. Delaney, J.

v.                           :

:     Case No. 11-CA-36

CRAYTON E. MCKITTRICK JR.,   :

:

:

        Appellant.      :     O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Municipal
Court Case No. 11-TRC-01816

JUDGMENT:                  AFFIRMED

DATE OF JUDGMENT ENTRY:     November 9, 2011

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

STEPHANIE L. HALL               CHARLES E. TAYLOR
Assistant City Prosecutor           P.O. Box 1730
City of Lancaster Law Director's Office   Buckeye Lake, Ohio  43008
123 East Chestnut Street
P.O.  Box 1008
Lancaster, Ohio  43130

*Delaney, J.*

{¶ 1} Defendant-Appellant Crayton E. McKittrick, Jr. appeals his conviction in the Fairfield County Municipal Court for violating R.C. 4511.19(A)(1)(a), driving while intoxicated, a first degree misdemeanor.

{¶ 2} Appellant raises what appears to be two Assignments of Error, though they are not framed as such:

{¶ 3} "I. DOES A COURT HAVE JURISDICTION TO TRY A CITIZEN ON A TRAFFIC OFFENSE WHERE NO UNIFORM TRAFFIC TICKET HAS BEEN COMPLETED AND FILED WITH THE COURT AND NO AFFIANT HAS SIGNED AN AFFIDAVIT ALLEGING A TRAFFIC OFFENSE AND THE PURPORTED AFFIDAVIT WAS ONLY SIGNED BY [SIC] DEPUTY CLERK AS A NOTARY PUBLIC?

{¶ 4} "II. DID THE FILING OF A NEW COMPLAINT IN THE NAME OF THE CITY OF LANCASTER AND HAVING THE BENCH WARRANT DELIVERED TO LANCASTER'S POLICE DEPARTMENT WHERE IT WAS NOT WORK DEPRIVE THE STATE OF THE RIGHT TO TOLL THE SPEEDY TRIAL STATUTE?"

{¶ 5} At the outset, we note this case comes to us on the accelerated calendar governed by App. R. 11.1, which states the following in pertinent part:

{¶ 6} "(E) Determination and judgment on appeal

{¶ 7} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12 (A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶ 8} "The decision may be by judgment entry in which case it will not be published in any form."

I.

{¶ 9}   Appellant argues in the first Assignment of Error that the Fairfield County Municipal Court did not have jurisdiction to proceed against him, as the court lacked a substantive complaint and affidavit, as required by Traf. R. 3.

{¶ 10} R.C. 2935.17 gives the Ohio Supreme Court the authority to provide by rule for the uniform type and language to be used in any affidavit or complaint filed in any court inferior to the common pleas court for violations in all moving traffic cases. The Ohio Supreme Court has promulgated the Ohio Traffic Rules, which are to "be construed and applied to secure the fair, impartial, speedy and sure administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay". Traf. R. 1(B).

{¶ 11} Traf. R. 3(C) states that the Ohio Uniform Traffic Ticket shall be used in all moving traffic cases and a ticket properly issued by a law enforcement officer shall be accepted for filing and disposition in any court having jurisdiction over the offense alleged.

{¶ 12} Traf. R. 3(E) provides:

{¶ 13} "(1) A law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket on the defendant, and, without unnecessary delay, file the court copy with the court.  If the issuing officer personally serves a copy of the completed ticket on the defendant, the issuing officer shall note the date of personal service on the ticket in the space provided.  If the issuing officer is unable to serve a copy of the completed ticket on the defendant, the completed ticket may be served by another law enforcement officer of the law enforcement agency

issuing the ticket or filed with the clerk of the court for issuance of a warrant or summons pursuant to Crim. R. 4. * * *."

{¶ 14} A valid complaint is a necessary condition precedent for the trial court to obtain jurisdiction in a criminal matter. *New Albany v. Dalton* (1995), 104 Ohio App.3d 307, 311, 661 N.E.2d 1132. Appellate review of the validity of a complaint is de novo. *State v. Hoerig*, 181 Ohio App.3d 86, 2009-Ohio-541, ¶ 12 (citation omitted). A complaint prepared pursuant to Traf. R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand. *Barberton v. O'Connor* (1985), 17 Ohio St.3d 218, 221, 478 N.E.2d 803.

{¶ 15} The record reflects Appellant was stopped and arrested on February 6, 2011, for driving under the influence in the Village of Millersport by Officer Matthew Peddicord. Appellant was taken to the hospital instead of jail due to complaints of chest pain. At the hospital, Appellant's blood was taken, but due to his condition, Officer Peddicord did not serve him with a citation. Instead, a citation was filed on February 24, 2011 in the Fairfield County Municipal Court and personally served upon Appellant at his residence.

{¶ 16} Our examination of the instant citation shows it sets forth the numerical designation of the statute violated, R.C. 4511.19(A)(1)(a), states "OVI" is the committed offense, and was signed and sworn under oath by Officer Peddicord, the issuing law enforcement officer. The record further reflects the citation was personally served upon Appellant on March 2, 2011, after the issuance of a summons by the clerk of court.

Appellant was also summoned to appear in Fairfield County Municipal Court on March 9, 2011.

{¶ 17} We find a proper Uniform Traffic Ticket was filed in the Fairfield County Municipal Court, and therefore, the trial court had jurisdiction.

{¶ 18} The first Assignment of Error is overruled.

II.

{¶ 19} In the second Assignment of Error, Appellant argues the trial court erred in overruling his motion to dismiss on speedy trial grounds.

{¶ 20} The record reflects a bench warrant was issued on March 10, 2011 by the Fairfield County Municipal Court because Appellant failed to appear on March 9th for arraignment. The bench warrant was issued to the Lancaster Police Department even though Appellant was stopped in the Village of Millersport.

{¶ 21} Appellant was arrested on April 4, 2011, and appeared for arraignment that day. He plead not guilty and did not waive his speedy trial rights. He was released on his own recognizance. A jury trial was scheduled on May 17, 2011. On May 12, 2011, a second complaint was filed against Appellant based upon the lab results which reflected Appellant's blood alcohol level was 0.196 g% and Appellant was also charged under R.C. 4511.19(A)(1)(f). A second warrant to arrest was issued on May 12, 2011, and Appellant was brought before the trial court the same day for arraignment. Appellant again plead not guilty and did not waive his speedy trial rights.

{¶ 22} A bench trial was held on May 17, 2011. Appellant, through counsel, moved to dismiss the charges based upon a violation of his speedy trial rights pursuant to R.C. 2945.71. The trial court overruled the motion, stating:

{¶ 23} " * * *

{¶ 24} "This case is a misdemeanor of the first degree and therefore, this matter must come to trial within 90 days of the date of incident.

{¶ 25} " * * *

{¶ 26} "The Court computes the time for speedy trial to be 78 days. From February 6, 2011 to March 9, 2011, there is a total of 33 days. The time frame from April 4, 2011 to May 17, 2011 is a total of 45 days. The time between March 9, 2011 to April 4, 2011 is tolled pursuant to R.C. 2945.72(D), which provides that the time is extended because of neglect or improper act of the accused, ie: failure to appear for arraignment."

{¶ 27} The State presented its case and the Appellant did not present evidence. By journal entry filed on May 20, 2011, the trial court found Appellant guilty of OVI, R.C. 4511.19(A)(1)(a).

{¶ 28} According to this Court's calculations, 100 days elapsed between the date of Appellant's arrest and the May 17th trial date. The issue before this Court is whether the Appellant's failure to appear at the March 9th arraignment tolled the calculation until his arrest on April 4, 2011. We agree with the trial court that the Appellant's failure to appear at the March 9th arraignment was a tolling event under R.C. 2945.72(D), which states:

{¶ 29} "The time within which an accused must be brought to trial * * * may be extended only the following:

{¶ 30} " * * *

{¶ 31} "(D) Any period of delay occasioned by the neglect or improper act of the accused;

{¶ 32} " * * *".

{¶ 33} Therefore, we calculate that 27 days must be subtracted, leaving the time charged to the State to be 73 days. Thus, the State did not exceed the statutory period of 90 days.

{¶ 34} Appellant appears to argue he should not be charged with the total period of delay due to his failure to appear at the March 9th arraignment because the warrant was "not worked" by the Lancaster Police Department. He also claims the Lancaster Police Department was the wrong law enforcement agency to serve the warrant.

{¶ 35} Upon review, we find Appellant has failed to present any evidence or authority to support either contention. We further find that Appellant's conduct in failing to appear for the arraignment did not lose its character as a tolling event merely because other events could have attributed to the delay. It also appears Appellant made no effort to contact the court after failing to appear so it was reasonable to charge the entire time of the delay against him.

{¶ 36} Accordingly, the second Assignment of Error is overruled.

{¶ 37} The judgment of the Fairfield County Municipal Court is affirmed.


By: Delaney, J.

Gwin, P.J. and Hoffman, J. concur.



_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. McKittrick*, 2011-Ohio-5899.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CRAYTON E. MCKITTRICK, JR. | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-CA-36 |
| | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs assessed to appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN