[Cite as *Parma v. Mentch*, 2014-Ohio-5690.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101222

**CITY OF PARMA**

PLAINTIFF-APPELLEE

vs.

**FRANCES S. MENTCH**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND VACATED

Criminal Appeal from the
Parma Municipal Court
Case No. 13 CRB 04726

**BEFORE:** Boyle, A.J., Celebrezze, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**ATTORNEY FOR APPELLANT**

Terrence P. Carl
1445 East 52nd Street
Cleveland, Ohio   44103

**ATTORNEY FOR APPELLEE**

Timothy G. Dobeck
Law Director
City of Parma
6611 Ridge Road
Parma, Ohio   44129

MARY J. BOYLE, A.J.:

**{¶1}** Defendant-appellant, Frances Mentch, appeals her assault conviction and sentence that was rendered in Parma Municipal Court. Finding merit to the appeal, we reverse the trial court's decision denying Mentch's motion to dismiss the complaint.

## Procedural History

**{¶2}** In September 2013, a complaint was filed against Mentch in the municipal court, charging her with a single count of assault, in violation of Parma Codified Ordinance ("P.C.O.") 636.02. Mentch pleaded not guilty to the charge.

**{¶3}** On the day of trial, Mentch filed a "motion to dismiss defective complaint," arguing that neither the complaint nor the bill of particulars identified the necessary mens rea element of the assault offense. Specifically, Mentch argued that the complaint failed to include the "knowingly" mens rea, thereby rendering the complaint defective and warranting dismissal. The trial court denied the motion, and the matter proceeded to a jury trial.

**{¶4}** The jury found Mentch guilty of assault. Following the jury's verdict, the trial court immediately sentenced Mentch to the maximum penalty of 180 days in jail, suspending 150 days. Following the sentencing hearing, the trial court issued its journal entry that included an imposition of "24 months of probation," requiring Mentch to report for six months of the probationary period.

**{¶5}** At the time of oral argument, Mentch had already served her 30-day sentence in jail and had been reporting to probation.

**{¶6}** Mentch appeals, raising the following four assignments of error:

> I. The guilty verdict and conviction found by the jury against appellant were based upon insufficient evidence.
>
> II. The guilty verdict and conviction were against the manifest weight of the evidence.

**III.** The trial court erred in denying defendant's pretrial motion to dismiss defective complaint that failed to contain the necessary mens rea element.

**IV.** The trial court erred in sentencing the defendant to a term of community control sanctions outside of open court.

{¶7} Because we find the third assignment of error dispositive of the appeal, we will address it first.

<u>Defective Indictment</u>

{¶8} In her third assignment of error, Mentch argues that the complaint failed to comply with Crim.R. 3, and therefore the trial court should have granted her motion to dismiss. We agree.

{¶9} The filing of a valid complaint invokes the jurisdiction of the municipal court. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 12, citing *State v. Miller*, 47 Ohio App.3d 113, 114, 547 N.E.2d 399 (1st Dist.1988). Crim.R. 3 sets forth the requirements for a criminal complaint and provides:

> The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths.

{¶10} Ohio courts have recognized that a complaint sufficiently satisfies Crim.R. 3 "'"when all the elements constituting the offense charged are sufficiently set forth and nothing therein contained is ambiguous."'" *State v. Hoerig*, 181 Ohio App.3d 86, 2009-Ohio-541, 907 N.E.2d 1238, ¶ 14 (3d Dist.), quoting *State v. White-Barnes*, 4th Dist. Ross No. 1841, 1992 Ohio App. LEXIS 6261, *5 (Dec. 8, 1992). "A complaint is generally deemed to be sufficient if it charges an offense in the words of the statute or ordinance upon which it is based." *White-Barnes* at *5. "While all the specific facts relied upon to sustain the charge need not be

recited, the material elements of the crime must be stated." *State v. Burgun*, 49 Ohio App.2d 112, 359 N.E.2d 1018 (8th Dist.1976), paragraph one of the syllabus.

{¶11} "'The primary purpose of the charging instrument in a criminal prosecution is to inform the accused of the nature of the offense with which he or she is charged.'" *Cleveland v. Simpkins*, 192 Ohio App.3d 808, 2011-Ohio-1249, 950 N.E.2d 982, ¶ 6 (8th Dist.), citing *Akron v. Holland Oil Co.*, 146 Ohio App.3d 298, 765 N.E.2d 979 (9th Dist.2001).

{¶12} We review the validity of a complaint under de novo standard of review. *Newburgh Hts. v. Hood*, 8th Dist. Cuyahoga No. 84001, 2004-Ohio-4236, ¶ 5.

{¶13} Mentch argues that the complaint filed in this case was fatally flawed because it failed to include all the essential elements of the crime charged. Specifically, Mentch argues that the complaint failed to set forth the mens rea element — a material element to the offense charged. We agree.

{¶14} In this case, the complaint referenced a violation of P.C.O. 636.02 but failed to specify the subsection. The complaint described the violation as follows: "Assault — to wit: did cause physical harm to the victim (Sari Feldman) by means of pulling her hair in the board office auditorium of the library at 2111 Snow Rd."

{¶15} Under P.C.O. 636.02, there are two separate assault offenses listed. The ordinance provides in relevant part:

> (a) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
>
> (b) No person shall recklessly cause serious physical harm to another or to another's unborn.
>
> (c) Whoever violates division (a) or (b) of this section is guilty of assault. Except as provided in Ohio R.C. 2903.13(C), assault is a misdemeanor of the first degree.

**{¶16}** Here, the complaint not only failed to identify the specific subsection of the offense, but it also failed to track the language of the ordinance to notify Mentch of the specific offense charged. P.C.O. 636.02(a) expressly states the mens rea of knowingly as part of the offense. Conversely, P.C.O. 636.02(b) expressly states the mens rea of recklessly as part of that offense. Based on the complaint filed, Mentch was not provided with sufficient notice of the offense being charged. Indeed, the complaint at issue omitted an essential element of the offense — the mens rea of knowingly. Under such circumstances, we find that the trial court should have granted Mentch's motion to dismiss the complaint. *See, e.g.*, *State v. Sallee,* 6th Dist. Erie No. E-11-042, 2012-Ohio-3617 (complaint charging appellant with disorderly conduct without any reference to the specific subsection or a description of the prohibited conduct failed to provide sufficient notice); *Hoerig,* 181 Ohio App.3d 86, 2009-Ohio-541, 907 N.E.2d 1238 (complaint failed to charge an offense because it did not set forth the elements of the crime or the facts constituting the offense pursuant to Crim.R. 3); *State v. Sampson,* 2d Dist. Montgomery No. 22214, 2008-Ohio-775 (complaint failed to charge an essential element, namely, the culpable mental state of recklessness, and therefore is fatally defective); *Hood*, 8th Dist. Cuyahoga No. 84001, 2004-Ohio-4236 (complaint was insufficient because it merely cited to the general ordinance number without setting forth the essential elements of the offense).

**{¶17}** The city counters that the complaint sufficiently notified Mentch of the charge, especially since "the complaint incorporated and identified the specific police report that was generated in connection with the complaint." While this court has previously recognized that a police incident report attached as part of the complaint may satisfy the sufficiency requirement of Crim.R. 3, the court's finding was based in part on the reports being "referred to, attached to, and filed with the complaints." *See N. Royalton v. Kozlowski*, 8th Dist. Cuyahoga No. 69138, 1996

Ohio App. LEXIS 1580 (Apr. 18, 1996). In this case, there is no indication that the police report was attached and filed with the complaint. We do not agree that the mere reference to the police report number on the face of the complaint is sufficient to provide reasonable notice of its contents to Mentch.

{¶18} Accordingly, because the complaint omits and fails to charge the culpable mental state of knowingly — an essential element of the crime of assault — it is fatally defective and fails to charge an offense. Mentch's conviction for assault is void and must be reversed. *See Sampson* at ¶ 29 (defective complaint rendered the conviction void).

{¶19} The third assignment of error is sustained.

{¶20} Based on our resolution of the third assignment of error, the remaining assignments of error are moot.

{¶21} Judgment reversed and conviction vacated.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
TIM McCORMACK, J., DISSENTS WITH SEPARATE OPINION


TIM McCORMACK, J., DISSENTING:

**{¶22}** I respectfully dissent.

**{¶23}** On the evening of September 24, 2013, the Cuyahoga County Library Board convened a public meeting in Parma, Ohio. On the agenda was a long-standing, highly-contentious issue involving the fate of an historic library building that was located in a former residential mansion. The director of the library system, Sari Feldman, had long advocated selling off the transformed residence as outdated surplus library property. Library preservation advocates, including Frances Mentch, were vigorously opposed to the abandonment of the former mansion. That evening, the Board voted to sell off the library-mansion. Immediately after the meeting adjourned, Frances Mentch approached Sari Feldman and began to speak to her. According to several witnesses, the uncontroverted evidence reflects that shortly after their discourse began, Frances Mentch grabbed Sari Feldman's hair and jerked her head down. Frances Mentch quickly left the building after the incident. She was stopped by a city of Parma police officer shortly after leaving the library grounds in her vehicle. The police officer issued her a citation complaint for "assault" by causing physical harm.

**{¶24}** Frances Mentch was eventually convicted by a jury of assault. She was taken from the courtroom and immediately, summarily incarcerated for 30 days.

**{¶25}** Frances Mentch, now appeals her conviction in part on the basis that the citation and bill of particulars issued by the city of Parma did not specifically identify which of the two subsections of the Parma Codified Ordinances under which she was charged.

{¶26} Based upon the uncontroverted evidence submitted at trial, I would affirm the conviction. While it is true that the police officer who issued the original citation did not therein distinguish a subsection of the assault section of the Parma Codified Ordinances, and the subsequently issued bill of particulars contained the full assault section without distinguishing by naming a subsection, there is in my mind and that of the judge and jury, no doubt of the nature of the confrontation initiated by Frances Mentch that night. There is no doubt in my mind that all parties clearly understood that with which Frances Mentch was being charged with and why. I find no deliberate or negligent charging omissions on the part of the responding police officer or the city to fairly and adequately inform Frances Mentch in writing of the particular offense of assault she committed.

{¶27} The citation and bill of particulars stated "assault" as the offense. The citation noted the ordinance number, location, date, and time of the alleged offense. It gave details of the alleged act of assault. It specifically referenced the police report number. The city did not attach a copy of the actual police report.

{¶28} I would have strongly preferred that the additional step of attaching the detailed police report to the citation had been completed. That was not done. It weakens the argument for particularized notice compliance but does not change the reality that the notice of alleged violation was full and clear.

{¶29} Unfortunately, this entire episode is tragic. A woman who loves traditional libraries, in a moment of great emotion and anger, grabs the hair of a library administrator. She is charged and convicted of assault. A conviction that conflicts with how she conducts herself otherwise. Harshly, without regard to any presentence reflection, she is summarily incarcerated for a full month.

{¶30} The uncontroverted evidence leaves no doubt of what happened that night. For both Frances Mentch and Sari Feldman, I wish it were otherwise. In this democracy, otherwise law abiding citizens cannot be absolved of assaulting public servants who are carrying out their official duties. There are, though, not sufficient defects in the citation, charging document, and the conviction itself to have us overturn it.