[Cite as *Warren v. Postlethwait*, 2023-Ohio-674.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, CITY OF WARREN, | CASE NO. 2022-T-0077 |
| Plaintiff-Appellee, | Criminal Appeal from the Warren Municipal Court |
| - vs - | |
| SUSAN POSTLETHWAIT, | Trial Court No. 2022 CRB 000725 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: March 6, 2023
Judgment: Reversed and vacated; remanded

*Enzo Cantalamessa*, Warren City Law Director, 141 South Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*Robert N. Farinacci*, 65 North Lake Street, Madison, OH 44057 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} This case originates from a troubling incident in which two dogs ran amok in their neighborhood and allegedly mauled a neighbor's dog to death. Appellant and the owner of the dogs, Susan Postlethwait ("Ms. Postlethwait"), appeals from the judgment of the Warren Municipal Court that convicted and sentenced her for violating R.C. 955.22(D)(2).

{¶2} Ms. Postlethwait raises four assignments of error for our review, contending that the trial court erred by (1) proceeding to sentencing before first finding her guilty of the offense charged; (2) sentencing her for violating R.C. 955.22(D)(2) where the

complaint was fatally flawed and the offense charged failed to allege the requirement that the dog be a dangerous dog; (3) sentencing her for violating R.C. 955.22(D)(2) where the state failed to present sufficient evidence that each dog was a dangerous dog by either a prior determination or deed; and (4) finding that both of her dogs must be destroyed "as required by law."

{¶3} After a careful review of the record and pertinent law, we find Ms. Postlethwait's second assignment of error to be with merit and dispositive of this appeal. The criminal complaint filed in this case is fatally flawed, and the trial court's subject-matter jurisdiction was never properly invoked. The essential facts of the offense are different from the numerical designation of the statute, and, under either, a violation would be a fourth-degree misdemeanor for a first-time offender. Further, the court erroneously declared Ms. Postlethwait's dogs as "vicious" and ordered them to be euthanized. A "vicious dog" is defined as a dog that has severely injured or killed a person, and this case involves two dogs attacking another dog. *See* R.C. 955.11(A)(6)(a). Thus, under the circumstances of this case, the state was required to introduce sufficient evidence of prior acts of Ms. Postlethwait's dogs at trial for the court to deem them "dangerous" pursuant to R.C. 955.11(A)(1)(a) or to submit evidence that the dog warden had already deemed them to be "dangerous" dogs. Moreover, pursuant to the penalties of R.C. 955.99(G), the court may order an offender to (1) personally supervise the dangerous dog, (2) cause the dog to undergo obedience training, or (3) both, and (4) may order the offender to obtain liability insurance. In the alternative, the court can order the dogs to be humanely destroyed; however, the order must be stayed pending any appeal.

2

Case No. 2022-T-0077

{¶4} Thus, as our review of the complaint reveals, Ms. Postlethwait did not have sufficient notice of the offense charged. A valid complaint must be filed in order to vest a court with subject-matter jurisdiction. Since there is no valid complaint and no subject-matter jurisdiction, Ms. Postlethwait's conviction and sentence are void.

{¶5} The judgment of the Warren Municipal Court is reversed and Ms. Postlethwait's conviction and sentence is vacated.

### Substantive and Procedural History

{¶6} In April 2022, a complaint was filed in the Warren Municipal Court against Ms. Postlethwait. The complaint stated under the "essential facts": "DID NOT KEEP THE DOG, PHYSICALLY CONFINED OR RESTRAINED UPON PREMISES OF THE OWNER, KEEPER OR HARBORER BY LEASH, THETH, ADEQUATE FENCE, SUPERVISION OR SECURE ENCLOSURE TO PREVENT ESCAPE TO WIT: PIT MIX, BRINDLE/WHITE in violation of ORD/ORC 955.22(D)2 VICIOUS DOG – MISDEMEANOR 1st."[1]

{¶7} The charge stemmed from an incident in which Ms. Postlethwait's two dogs dug a hole under her fence and escaped. The dogs were found by a neighbor in the neighbor's fenced-in yard, where his dog was found dead. There were contradictory statements made by the neighbor regarding whether he found the two dogs playing tug-of-war with his dog's dead body, as he testified, or whether, as he reported to the dog warden and the police, he found the dog lying dead in the yard.

{¶8} The case was tried to the court. The victim neighbor testified for the state, and several representatives from the Trumbull County Dog Warden and Kennel as well

---

1. Ms. Postlethwait was convicted in a companion case, case no. 2022 CRB 000705, on one count of R.C. 955.22(C)(1); however, that case was not appealed.

3

as Ms. Postlethwait testified for the defense. Because the complaint is fatally defective, we need not delve into the evidence presented. Suffice it to say, there seemed to be much confusion over what was being prosecuted. Further, the trial court never made a finding that Ms. Postlethwait's dogs were deemed dangerous by the dog warden (as the representatives from the dog warden testified) prior to trial, or, alternatively, that the state introduced evidence of prior acts that would deem the dogs dangerous.

{¶9} At the conclusion of trial, the trial court did not find Ms. Postlethwait guilty before proceeding to sentencing. The court proceeded directly to sentencing and sentenced her to a fine of $1,000 with $500 suspended, 180-days in jail, with 180 days suspended, and one-year of probation. The court deemed both dogs to be vicious "as defined by the Ohio Revised Code" and ordered them to be euthanized "as required by law." After trial, the court issued a judgment entry setting forth a finding of guilt and the sentence.

{¶10} The sentencing entry similarly states that Ms. Postlethwait was convicted of "R.C. 955.22(D)(2) Vicious Dog M1," and that "AS REQUIRED BY LAW, APPREHENDED DOGS ARE DETERMINED TO BE VICIOUS AS DEFINED BY THE OHIO REVISED CODE AND ARE HEREBY ORDERED EUTHANIZED AS REQUIRED BY LAW."

{¶11} Ms. Postlethwait raises four assignments of error:

{¶12} "[1.] The Trial Court committed prejudicial error by proceeding to sentencing before first finding the Appellant guilty of the offense charged.

{¶13} "[2.] The Trial Court erred by sentencing the Defendant for violating R.C. 955.22(D)(2) where the Complaint was fatally flawed by numerous inaccuracies and the

4

offense charged failed to allege the precedent requirement that the dog be a dangerous dog.

{¶14} "[3.] The Trial Court erred to the prejudice of Appellant by sentencing Appellant for violating R.C. 955.22(D)(2) where the State failed to present evidence sufficient to prove that one or both of the dogs, subject of this offense, a dangerous dog by either prior determination or deed.

{¶15} "[4.] The Court erred to the prejudice of Appellant by finding that both of Appellant's dogs must be destroyed 'as required by law.'"

{¶16} We address Ms. Postlethwait's second assignment of error first because it is dispositive of the appeal, rendering her remaining issues moot. Further, we would be remiss not to note that we are most sympathetic to both Ms. Postlethwait and the victim in this case. Our companion animals are most dear, and, for all involved in this case, this is a troubling incident filled with sorrowful loss and a reminder of the requirement of proper supervision.

### Statutory Framework

{¶17} In *State v. Jones*, 159 Ohio St.3d 228, 2019-Ohio-5159, 150 N.E.3d 58, the Supreme Court of Ohio explained the statutory framework governing the instant matter:

{¶18} "Notwithstanding the strong emotional bonds that often form between people and their dogs, dogs are considered personal property in Ohio and, as such, are subject to regulation pursuant to the state's police power. [*State v. Cowan*, 103 Ohio St.3d 144, 2004-Ohio-4777, 814 N.E.2d 846,] ¶ 9. R.C. Chapter 955, aptly titled 'Dogs,' contains numerous laws on the ownership and treatment of dogs, which range from the details of licensing, selling, and impounding them to broader physical-control

5

Case No. 2022-T-0077

requirements. Additionally, the chapter defines specific legal terms, such as 'nuisance dog,' 'dangerous dog,' and 'vicious dog,' *see* R.C. 955.11, and outlines penalties for noncompliance with its laws, *see* R.C. 955.99.

{¶19} "One of the sections at issue here, R.C. 955.22, dictates how an owner, keeper, or harborer of a dog must confine that dog if it is a dangerous dog, *see* division (D), and requires the owner, keeper, or harborer of a dangerous dog to obtain liability insurance if ordered by a court, *see* division (E). Additionally, R.C. 955.99(G) enhances the penalty for failing to confine or control one's dog if it is a dangerous dog. *See* R.C. 955.22(C) (establishing general requirements for confining and controlling 'any dog,' irrespective of whether that dog falls under one of the specific designations set forth in R.C. 955.11). R.C. 955.22 uses the same definition of 'dangerous dog' as that contained in 955.11(A)(1)(a), which defines a 'dangerous dog' as one that, without provocation, has done any of the following: (1) caused a non-serious injury to a person, (2) killed another dog, or (3) been the subject of a third or subsequent violation of R.C. 955.22(C).

{¶20} "A separate section of R.C. Chapter 955, R.C. 955.222, provides a means by which a dog warden or other authorized official may designate a dog as 'dangerous' when there is reasonable cause to believe that the dog meets the R.C. 955.11(A)(1)(a) definition. *See* R.C. 955.222(B) and (F). If a dog warden chooses to exercise his or her authority to designate a dog as dangerous, then the warden must notify the dog's owner, keeper, or harborer of both the designation and the option to request a judicial hearing to contest it. R.C. 955.222(A) and (B). At the hearing, the warden has the burden of proving the designation by clear and convincing evidence. R.C. 955.222(C)." (Footnotes omitted.) *Id.* at ¶ 10-12.

**{¶21}** The Supreme Court went on to hold in *Jones* that a prior dangerous-dog designation is not required before a person may be prosecuted for failing to control or confine a dangerous dog. *Id.* at ¶ 25. If there is no prior designation, then the state is required to present sufficient evidence of the dog's prior acts that would render him or her dangerous pursuant to R.C. 955.11(A)(1)(a). *See id.*

### Complaint, Conviction, and Sentence

**{¶22}** In her second assignment of error, Ms. Postlethwait contends the trial court erred by sentencing her for violating R.C. 955.22(D)(2) because the complaint was fatally flawed by numerous inaccuracies and, further, by sentencing her for a first-degree misdemeanor when a first offense under R.C. 955.22(D)(2) is a fourth-degree misdemeanor and any subsequent offense is a third-degree misdemeanor. We interpret this argument to mean that the trial court's subject-matter jurisdiction was not properly invoked due to an invalid complaint pursuant to Crim.R. 3.

**{¶23}** As an initial matter, a claim of lack of subject matter jurisdiction may be raised at any stage of the proceedings. *In re Byard*, 74 Ohio St.3d 294, 296, 658 N.E.2d 735 (1996). We review a subjection matter jurisdiction claim de novo. *State v. Jones*, 11th Dist. Portage Nos. 2010-P-0051 and 2010-P-0055, 2011-Ohio-5109, ¶ 12.

**{¶24}** The filing of a valid complaint is a necessary prerequisite to a trial court's acquisition of jurisdiction. *State v. Schuler*, 2019-Ohio-1585, 135 N.E.3d 325, ¶ 20 (12th Dist.).

**{¶25}** Crim.R. 3 sets forth the requirements for a criminal complaint and provides:

**{¶26}** "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or

7

ordinance. It shall be made upon oath before any person authorized by law to administer oaths." Crim.R. 3(A).

{¶27} There are three requirements for a complaint to be valid under Crim.R. 3: "'First, the complaint must set forth a written statement of the facts that constitute the essential elements of the offense charged. The essential elements of a given offense are those facts which must be proven to obtain a conviction of the accused. The complainant does not need to have personal knowledge of the facts stated in the complaint, but rather must only have reasonable grounds to believe that the defendant committed the crime charged. The second requirement is that the complaint must state the numerical designation of the Revised Code section or municipal ordinance which the defendant allegedly violated. Finally, the third requirement is that the complaint must be made under oath before any person authorized by law to administer oaths.'" *Jones* at ¶ 16, quoting *State v. Patterson*, 11th Dist. Trumbull No. 96-T-5439, 1998 WL 310737, *7 (May 22, 1998).

{¶28} As our review of the complaint revealed, Ms. Postlethwait is correct in her assertion that the complaint is fatally flawed in several respects.

{¶29} Firstly, the complaint purported to charge her with one count of violating R.C. 955.22(D)(2), which provides:

{¶30} "Except when a dangerous dog is lawfully engaged in hunting or training for the purpose of hunting and is accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of a dangerous dog shall fail to do either of the following:

{¶31} " * * *

8

{¶32} "(2) While that dog is off the premises of the owner, keeper, or harborer, keep that dog on a chain-link leash or tether that is not more than six feet in length and additionally do at least one of the following:

{¶33} "(a) Keep that dog in a locked pen that has a top, locked fenced yard, or other locked enclosure that has a top;

{¶34} "(b) Have the leash or tether controlled by a person who is of suitable age and discretion or securely attach, tie, or affix the leash or tether to the ground or a stationary object or fixture so that the dog is adequately restrained and station such a person in close enough proximity to that dog so as to prevent it from causing injury to any person;

{¶35} "(c) Muzzle that dog."

{¶36} Secondly, the complaint listed the essential facts, which are not the elements of R.C. 955.22(D)(2), but rather, the elements of R.C. 955.22(C)(1), which provides:

{¶37} "(C) Except when a dog is lawfully engaged in hunting and accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of any dog shall fail at any time to do either of the following:

{¶38} "(1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape[.]"

{¶39} Thirdly, the complaint listed a violation of R.C. 955.22(D)(1) as a first-degree misdemeanor. Whether the state was attempting to charge Ms. Postlethwait under R.C. 955.22(C)(1) or R.C. 955.22(D)(1), a violation of either is a fourth-degree misdemeanor

9

for a first offense and a third-degree misdemeanor for each subsequent offense. R.C. 955.99, "Penalties," provides in relevant part:

{¶40} "(G) Whoever commits a violation of division (C) of section 955.22 of the Revised Code that involves a dangerous dog or a violation of division (D) of that section is guilty of a *misdemeanor of the fourth degree on a first offense* and of a misdemeanor of the third degree on each subsequent offense. Additionally, the court may order the offender to personally supervise the dangerous dog that the offender owns, keeps, or harbors, to cause that dog to complete dog obedience training, or to do both, and the court may order the offender to obtain liability insurance pursuant to division (E) of section 955.22 of the Revised Code. The court, in the alternative, may order the dangerous dog to be humanely destroyed by a licensed veterinarian, the county dog warden, or the county humane society at the owner's expense. With respect to a violation of division (C) of section 955.22 of the Revised Code that involves a dangerous dog, until the court makes a final determination and during the pendency of any appeal of a violation of that division and at the discretion of the dog warden, the dog shall be confined or restrained in accordance with division (D) of section 955.22 of the Revised Code or at the county dog pound at the owner's expense." (Emphasis added.)

{¶41} A fourth-degree misdemeanor carries a jail term of not more than 30 days, *see* R.C. 2929.24(A)(4), and a fine of no more than $250, *see* R.C. 2929.28(A)(2)(a)(iv).

{¶42} Fourthly, the complaint erroneously alleged this was a "vicious dog" offense. Ms. Postlethwait was purportedly charged with failing to restrain her dogs, which allegedly killed her neighbor's dog.

10

**{¶43}** A "vicious dog" means "a dog that, without provocation * * * has killed or caused serious injury *to any person*." (Emphasis added.) R.C. 955.11(A)(6)(a).

**{¶44}** Whereas a "dangerous dog" "means "a dog that, without provocation, * * * has done any of the following:

**{¶45}** "(i) Caused injury, other than killing or serious injury, to any person;

**{¶46}** "(ii) Killed another dog;

**{¶47}** "(iii) Been the subject of a third or subsequent violation of division (C) of section 955.22 of the Revised Code." R.C. 955.11(A)(1).

**{¶48}** It is clear that there are no injuries, severe or otherwise, and/or a killing of any person under the circumstances of this case.

**{¶49}** Therefore, if the warden did not already deem the dogs "dangerous" – with the requisite appeal period for Ms. Postlethwait - then the state was required to introduce sufficient evidence at trial of prior acts of Ms. Postlethwait's dogs in order for the trial court to deem them dangerous pursuant to R.C. 955.11(A)(1)(a). *See Jones*, 159 Ohio St.3d 228, 2019-Ohio-5159, 150 N.E.3d 58, ¶ 25.

**{¶50}** Fifthly, the trial court ordered the dogs to be euthanized in ten days' time from the date of the sentencing entry. R.C. 955.99(G) provides that a court may order the offender to (1) personally supervise the dangerous dog, (2) cause the dog to undergo obedience training, or (3) both, and (4) the court may order the offender to obtain liability insurance. In the alternative, the court may order the "dangerous dog to be humanely destroyed"; however, until the court makes a final determination, and during the pendency of any appeal, the dog shall be confined or restrained. *See* R.C. 955.99(G).

Case No. 2022-T-0077

{¶51} We note that Ms. Postlethwait filed a motion for a stay with the municipal court while this appeal is pending, which was granted.

{¶52} As our review of the complaint reveals, Ms. Postlethwait did not have sufficient notice of the offense charged. A valid complaint must be filed in order to vest a court with subject-matter jurisdiction. *State v. Sallee*, 6th Dist. Erie No. E-11-042, 2012-Ohio-3617, ¶ 11-13 (Without the division, subsection, or a description of the prohibited conduct, appellant was never properly notified of the charges against her, and the complaint was a nullity). *See also State v. Schuler*, 2019-Ohio-1585, 135 N.E.3d 325, ¶ 24 (12th Dist.) (Trial court lacked subject-matter jurisdiction to convict appellant of three counts of animal cruelty because the complaints did not set forth the underlying facts of the offense, did not provide any statutory language, and failed to specify which subsection of the statute appellant was charged with violating); *State v. Sampson*, 2d Dist. Montgomery No. 22214, 2008-Ohio-775, ¶ 29 (Appellant's conviction for disorderly conduct is void and must be reversed because the complaint upon which the conviction is based omits and fails to charge an essential element of the crime).

{¶53} Ms. Postlethwait's second assignment of error is sustained, rendering her remaining assignments of error moot. *See* App.R. 12(A)(1)(c).

{¶54} The judgment of the Warren Municipal Court is reversed, and Ms. Postlethwait's conviction and sentence are vacated. This matter is remanded for further proceedings consistent with this opinion.

JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

12

Case No. 2022-T-0077