DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio, City of Portsmouth, ("state") appeals the "ENTRY OF DISMISSAL" that was filed in the Portsmouth Municipal Court. The state contends that the trial court erred when it dismissed Eric A. Wrage's OMVI charge on speedy trial grounds. We do not reach this contention because we find that the record shows that the state, with leave of the trial court, dismissed this case against Wrage with prejudice pursuant to Crim.R. 48(A). Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On June 20, 2005, the state charged Wrage with OMVI in violation of R.C. 4511.19, a misdemeanor of the first degree. After Wrage entered a not guilty plea and after several pre-trials, the trial court set September 20, 2005, as the date for a jury trial. On the day of trial, Wrage filed a motion to dismiss his OMVI complaint on speedy trial grounds. The court orally granted his motion. However, the written "ENTRY OF DISMISSAL" reads, "Now comes the State of Ohio/City of Portsmouth/Village of New Boston, Ohio, and pursuant to Rule 48(A) of the Ohio Revised Rules of Criminal Procedure, and then files this Entry of Dismissal of the Complaint here with prejudice such dismissal being in open Court and with leave of Court without cost."
 {¶ 3} The state appeals and asserts the following assignment of error: "THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DISMISSING THE CASE ON SPEEDY TRIAL GROUNDS."
 II. {¶ 4} In its sole assignment of error, the state contends that the trial court erred when it dismissed the OMVI charge on speedy trial grounds. However, Wrage maintains that the trial court never dismissed the case on speedy trial grounds. Instead, Wrage asserts that the state, with leave of court, dismissed the case with prejudice.
 {¶ 5} Crim.R. 48(B) involves a dismissal by the court and provides, "If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." Crim.R. 48(A) involves a dismissal by the state and provides, "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." It is axiomatic that a court speaks through its journal. State v. King (1994),70 Ohio St.3d 158, 162; State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 118. A court does not speak by oral pronouncement. In re Adoption of Gibson (1986),23 Ohio St.3d 170, 173, fn. 3; Schenley v. Kauth (1953), 160 Ohio St. 109,113, paragraph one of the syllabus.
 {¶ 6} Here, the trial court orally stated at the end of the motion to dismiss hearing that it granted Wrage's motion to dismiss on speedy trial grounds. However, the court never journalized its oral pronouncement. Instead, the state moved the court for leave to dismiss the case with prejudice. The court granted the state leave to dismiss the case, and the state dismissed this case with prejudice. Therefore, we find that the state, and not the trial court, dismissed this case with prejudice.
 {¶ 7} Wrage argues that the state cannot now appeal the entry, which granted the state's own motion for leave to dismiss with prejudice. The state did not file a reply brief that addressed this argument.
 {¶ 8} The invited error doctrine provides that a party cannot take advantage of an error that he invited or induced the trial court to make. State v. Wilson (1996), 74 Ohio St.3d 381, 396. See, also, State v. Montgomery (1991), 61 Ohio St.3d 410, 418;State v. Seiber (1990), 56 Ohio St.3d 4, 17; State v. Betts,
Pickaway App. No. 02CA26, 2004-Ohio-818, at ¶ 23; City ofWellston v. Lambert (Aug. 4, 1995), Jackson App. No. 94CA743 (Harsha, J., concurring in judgment only).
 {¶ 9} Here, the state in essence is arguing that the trial court should not have granted its request for leave to dismiss this case with prejudice. Therefore, we find that any error that the trial court committed was invited or induced by the state. Consequently, we overrule the state's sole assignment of error.
 {¶ 10} Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J., Dissents.
Abele, J., Concurs in Judgment Only.