DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. Jonathan Nolan, defendant below and appellant herein, pled guilty to burglary in violation of R.C. 2911.12(A)(1).
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY ORDERING MR. NOLAN TO PAY A FINE AND COURT COSTS WITHOUT CONSIDERING HIS PRESENT AND FUTURE ABILITY TO *Page 2 
PAY, AS REQUIRED BY R.C. 2929.19(B)(6)."
 SECOND ASSIGNMENT OF ERROR:
 "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN FAILING TO OBJECT TO THE IMPOSITION OF FINANCIAL SANCTIONS WHEN THE TRIAL COURT MADE NO INQUIRY INTO MR. NOLAN'S PRESENT OR FUTURE ABILITY TO PAY, VIOLATING THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 3} On November 14, 2007, the Scioto County Grand Jury returned an indictment charging appellant with two counts of burglary and one count of theft. He initially pled not guilty to all three offenses, but later agreed to plead guilty to one count of burglary in exchange for the dismissal of the other two counts. At the January 3, 2008 hearing the following colloquy occurred between the trial court and appellant concerning the terms of the plea agreement:
 "THE COURT: [It's] been negotiated between yourself and the State of Ohio that as long as you abide by the terms and conditions that we just talked about, that you will receive both two year prison terms, $100 fines and to be ordered to pay the court costs herein. Now is that your understanding Mr. Nolan?
 MR. NOLAN: Yes, sir."
Appellant was also made aware that if he violated the terms of the bond on which he was released from jail, he would "receive the full eight years" maximum term.
 {¶ 4} At sentencing on February 6, 2008, appellant tested positive for methamphetamines. Consequently, the trial court sentenced appellant to serve eight years incarceration rather than the previously mentioned two year term. This appeal *Page 3 
followed.
 I {¶ 5} Appellant asserts in his first assignment of error that the trial court erred by imposing fines and court costs without first considering his ability to pay. We disagree.
 {¶ 6} To begin, although the February 7, 2008 sentencing entry orders the withholding of funds to "the fine and costs," it does not appear that the trial court actually imposed any fine. We see no language to that effect in the entry. However, the terms of the plea agreement specified that appellant would pay a fine and court costs. The transcript from the change of plea hearing reveals that the trial court reviewed that provision with appellant and appellant acquiesced. R.C. 2953.08(D)(1) states "[a] sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Because appellant agreed to pay a fine and costs, he cannot now seek appellate review of that part of his agreement. See e.g. State v. Brown, Athens App. No. 07CA4,2008-Ohio-175, at ¶ 7; State v. Tomlinson, Pickaway App. No. 07CA3,2007-Ohio-4618, at ¶ 6.
 {¶ 7} Appellant counters that R.C. 2953.08(D) applies to prison terms only and has no application to financial sanctions. He, however, cites no legal authority for that proposition. To the contrary, the Third District Court of Appeals relied on R.C. 2953.08(D) in refusing to review an imposition of restitution and court costs. See State v.Pishok, Seneca App. No. 13-03-43, 2003-Ohio-118, at ¶ 23. *Page 4 
 {¶ 8} We also point out that the statute specifies a "sentence" cannot be appealed when it is jointly recommended by the defendant and prosecution. A "sentence" is defined, inter alia, as a judgment "imposing the punishment to be inflicted." Black's Law Dictionary (5th Ed. 1979) 1222. Fines and court costs are "punishment" and, hence, part of the "sentence." Thus, R.C. 2953.08(D) would apply here.
 {¶ 9} Furthermore, even if R.C. 2953.08(D) did not apply to fines and courts costs, the invited error doctrine would preclude appellant from raising this issue now, after he helped to facilitate any error in the first place by agreeing to pay the fine and costs at the change of plea hearing. See State v. Ellis, Scioto App. No. 06CA3071, 2007-Ohio-2177, at ¶ 27; State v. Wrage, Scioto App. No. 05CA3036, 2006-Ohio-3526, at ¶ 8; State v. Betts, Pickaway App. No. 02CA26, 2004-Ohio-818, at ¶ 23.
 {¶ 10} Here, appellant agreed to pay a fine and court costs in exchange for the dismissal of the remaining counts against him and a two year prison sentence. While it is regrettable that he violated the terms of his bond, and thereby incurred an eight year prison sentence, he may not now challenge his agreement to pay those sanctions.
 {¶ 11} Accordingly, the first assignment of error is without merit and is hereby overruled.
 II {¶ 12} Appellant's second assignment of error asserts that trial counsel provided him constitutionally ineffective assistance by not raising his ability to pay the fine and court costs. We disagree. *Page 5 
 {¶ 13} An ineffective assistance claim requires a defendant to prove both deficient performance and prejudice. See Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N .E.2d 904;State v. Goff (1998), 82 Ohio St.3d 123, 139, 694 N.E.2d 916. As noted above, payment of fine and costs were part of the negotiated plea. No legal basis exists for trial counsel to challenge them. If an issue has no merit, counsel cannot be deemed constitutionally ineffective for failing to raise it. See e.g. State v. McClaskey, Pickaway App. No. 06CA24, 2007-Ohio-5867, at ¶ 28; State v. Hilyard, Vinton App. No. 05CA598, 2005-Ohio-4957, at ¶ 31. Additionally, the second assignment of error is thus without merit and is hereby overruled.
 {¶ 14} Having reviewed both errors assigned and argued by appellant in his brief, and finding merit in neither, the judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as *Page 6 
herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Harsha, J. Kline, J.: Concur in Judgment Opinion *Page 1