[Cite as *State v. Fleming*, 2023-Ohio-849.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220275 |
| | | TRIAL NO. 22CRB-7556 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| ARIUS FLEMING, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: March 17, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Rebecca Barnett*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Judge.**

**{¶1}** Defendant-appellant Arius Fleming appeals his conviction for violating a protection order. Because the state did not present sufficient evidence that Fleming was served with, shown, or informed by a legal authority about the final protection order, we reverse Fleming's conviction and discharge Fleming from further prosecution.

## I.  Facts and Procedure

**{¶2}** On April 17, 2020, J.K., Fleming's mother, filed a petition against him for a civil stalking protection order under R.C. 2903.214. In accordance with R.C. 2903.214(D)(1), the trial court granted an ex parte order on the same day. On April 17, 2020, the ex parte order was personally served on Fleming by Hamilton County Deputy Sheriff Tony Pritchett. The ex parte order remained effective until April 17, 2021.

**{¶3}** On May 6, 2020, the magistrate issued an interim protection order, which was to expire on April 16, 2025. The magistrate's interim order was journalized on May 7, 2020. That order included the date of the upcoming final-order hearing and also requested that the clerk serve the parties by mail. Other than the order itself, there was no evidence at trial to indicate that the clerk actually mailed the order to Fleming or to which address the order might have been sent.

**{¶4}** A full hearing on the final order was conducted on May 28, 2020. Fleming did not appear. Following the hearing, the trial court issued a final order adopting the civil protection order. The final order instructed the clerk to send a copy to all parties who had appeared in the action via mail. There is no evidence that the final civil protection order was ever personally served on Fleming.

2

{¶5} Nearly two years later, on May 7, 2022, Fleming was charged with violating the protection order. The trial court held a bench trial in June 2022. Deputy Pritchett explained the procedure that he uses when serving a protection order and testified that he personally served Fleming with the ex parte order, which expired on April 17, 2021.

{¶6} J.K. testified that she told Fleming about the protection order "a lot of times" and did so prior to the May 2022 incident. Her testimony did not indicate which version of the protection order formed the basis of her conversations: the ex parte order, the magistrate's interim order, or the final order. She further testified that, on the date of the incident, Fleming came to her home and got into a "confrontation" with her other son, so she told Fleming to leave.

{¶7} Officer Morehead testified that he responded to J.K.'s home for an allegation that Fleming was there with a knife and was behaving erratically. J.K. "came running out of her apartment" upon Officer Morehead's arrival, and Officer Morehead took Fleming into custody.

{¶8} The trial court found Fleming guilty of violating the protection order. Fleming was sentenced to 180 days in jail with 24 days credited, fined $250, and encouraged to participate in mental-health and/or substance-abuse treatment. This appeal followed.

## II. Law and Analysis

### A. There is no proof of service of the final order on Fleming.

{¶9} Fleming argues in his first assignment of error that the state failed to prove beyond a reasonable doubt that Fleming was served with a final copy of the protection order. He contends that his conviction for violating the protection order

was based on insufficient evidence, contrary to the manifest weight of the evidence, and contrary to law.

1. <u>The evidence of service was insufficient.</u>

**{¶10}** The test for determining the sufficiency of the evidence is whether "after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *State v. MacDonald*, 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 12, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). It is a question of law for the court to determine, and this court is not to weigh the evidence unless, after viewing the evidence, it weighs heavily against conviction. *Id.* at ¶ 12.

**{¶11}** Fleming was charged with recklessly violating a protection order under R.C. 2919.27. More specifically, the complaint contends that Fleming recklessly violated the terms of a civil protection order issued by the trial court on April 29, 2020, pursuant to R.C. 2919.26. However, no protection order was issued by the court on April 29, 2020. The only protection orders issued against Fleming were (1) the ex parte order issued on April 17, 2020, (2) the interim order issued on May 6, 2020, and (3) the final order issued on May 28, 2020.

**{¶12}** In *State v. Smith,* the Ohio Supreme Court held that service of the civil protection order on the defendant is an element the state must prove beyond a reasonable doubt in any prosecution for violating a civil protection order under R.C. 2919.27(A). *State v. Smith,* 136 Ohio St.3d 1, 2013-Ohio-1698, 989 N.E.2d 972, ¶ 28. The court also held that service in the context of civil protection orders has the same meaning as it does under the Ohio Rules of Civil Procedure. *Id.* at ¶ 21.

4

{¶13} Civ.R. 4.1 provides that service may be made by (1) clerk via United States certified or express mail, (2) personal service, or (3) residence service. Proof of service is either a return receipt for certified mail, a signed receipt for commercial service by the clerk, or an entry of process on the docket for personal or residential service. *Id.*

{¶14} The state did present evidence that Fleming was personally served with the ex parte protection order—which expired more than a year prior to the alleged violation. The state, however, presented no evidence that Fleming was served with either the interim or the final protection orders in accordance with Civ.R. 4.1. While the interim and final orders contained instructions to the clerk to serve them by mail, the state presented no evidence of either a return receipt for certified mail or an entry of process on the docket in accordance with Civ.R. 4.1. Thus, there was insufficient evidence that the final order of protection was served on Fleming.

{¶15} But this does not end the inquiry. R.C. 2919.27(D), which was enacted in response to *Smith*, dispenses with the service requirement if the state proves both that (1) the defendant was shown the protection order or a judge, magistrate, or law enforcement officer informed him of it, and (2) the defendant recklessly violated the terms of the order.

{¶16} The evidence was similarly insufficient to sustain the conviction under this portion of the statute. J.K. testified that she told Fleming about the order prior to the May 2022 incident, but there is no testimony that Fleming was ever shown a copy of it or that a judge, magistrate, or law enforcement informed Fleming of it. The state argues that Fleming was reckless about the possible existence of a final order, given that he was served with the ex parte order. Even if we agreed, no amount of

recklessness voids the lack of required notice of the existence of the final order. Fleming was not served with the order according to Civ.R. 4.1, nor was he shown a copy of the order or informed of its terms by a person with relevant authority under R.C. 2919.27(D). In the absence of this evidence, the state did not meet its burden of proving service at trial. Therefore, Fleming's conviction was based on insufficient evidence. The first assignment of error is sustained.

{¶17} Because we have held that Fleming's conviction was based on insufficient evidence, we do not reach his argument that it was against the manifest weight of the evidence.

2. <u>The trial court erred by imposing a fine where it failed to announce it at sentencing.</u>

{¶18} Fleming argues in his second assignment of error that the trial court erred by imposing a fine in the sentencing entry when it did not inform him of a fine at sentencing. Because we have reversed Fleming's conviction, this assignment of error is moot and we do not address it.

## Conclusion

{¶19} The evidence presented at trial was not sufficient to show that Fleming recklessly violated the terms of the protection order, and his conviction was therefore not supported by sufficient evidence. We reverse Fleming's conviction as based on insufficient evidence and he is discharged from further prosecution.

Judgment reversed and appellant discharged.

CROUSE, P.J., and ZAYAS, J., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.