[Cite as *State v. Cooper*, 2026-Ohio-101.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250088 |
| | | TRIAL NO. C/24/CRB/21992 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| BENJAMIN COOPER, | : | |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 1/14/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Cooper*, 2026-Ohio-101.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :          APPEAL NO.    C-250088
                                             TRIAL NO.     C/24/CRB/21992
    Plaintiff-Appellant,         :

  vs.                             :

                                             *O P I N I O N*
BENJAMIN COOPER,                  :

    Defendant-Appellee.          :


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 14, 2026


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellee.

**BOCK, Judge.**

**{¶1}** After it indicted defendant-appellee Benjamin Cooper for violating a protection order ("CPO"), the State concluded that it could not meet its burden of proof at trial based on its reading of this court's opinion in *State v. Fleming*, 2023-Ohio-849 (1st Dist.). Rather than appeal the legal basis of a judgment of acquittal as contemplated by R.C. 2945.67(A) and *State v. Bistricky*, 51 Ohio St.3d 157 (1990), the State asked the trial court to dismiss the complaint under Crim.R. 48(B) "over the State's objection." The trial court granted the State's request, and the State now appeals that judgment arguing that the trial court erred in dismissing the complaint. We affirm because any error that occurred when the trial court dismissed the complaint was invited by the State.

## I. Factual and Procedural History

**{¶2}** Cooper was charged in a misdemeanor complaint with violating the terms of a CPO under R.C. 2919.27.

**{¶3}** During an appearance in January 2025, the State told the trial court that it believed this court's decision in *Fleming* would prevent it from meeting its burden of proof at trial. According to the State, the trial court had denied an ex parte CPO, and that denial was served on Cooper. Then after a hearing, the trial court granted the CPO. Cooper was served with the full CPO by mail. The State explained to the trial court that it read *Fleming* to hold that "even when you have personal service on the ex-parte or other orders, that subsequent service still has to be personal." The State disagreed with *Fleming's* holding, but believed that the holding in that case would prevent the State from meeting its burden of proof at trial.

**{¶4}** The State indicated that it intended "to appeal a negative ruling based on the *Fleming* issue in an attempt to get it overturned." The State told the trial court "there's two ways that can happen . . . The first is that we have the trial, jeopardy attaches . . . we don't like that as much as the second way because . . . this victim in this case never gets justice." The State's second and preferred route was "to have the Court invoke Criminal Rule 48(B), which allows the court to dismiss the case over the objection of the prosecution . . . and have it be pursuant to the *State v. Flem[]ing* decision."

**{¶5}** The trial court asked the State, "All right, so this is 48(B) dismissal. You want me to look at that, huh?" The State responded,

> Correct. Like I say, Judge, technically it's over the State's objection, but I think that's the more appropriate way out of the two options because, at that point, we're preserving the victim's rights, and jeopardy is not attaching. And if the Court is going that route, I think the entry should read dismissed pursuant to Rule 48(B) on the basis of *State v. Flem[]ing*.

**{¶6}** The trial court went along with the State's suggestion and dismissed the case under Crim.R. 48(B) "in violation of, I guess, of *State versus Fleming*."

**{¶7}** The State now appeals.

## II. Analysis

**{¶8}** In its sole assignment of error, the State argues that the trial court abused its discretion in dismissing the complaint.

### A. Standard of review

**{¶9}** Initially, we note that the State's brief fails to comply with Loc.R. 16.1(A)(4)(c) as the State failed to set forth the applicable standard of review.

**{¶10}** We generally review a trial court's dismissal of a complaint for an abuse of discretion. *State v. Flantoill*, 2024-Ohio-5224, ¶ 10 (1st Dist.). But if the trial court dismisses a complaint based on a purely legal issue, we review the dismissal de novo. *State v. Troisi*, 2022-Ohio-3582, ¶ 17.[1]

### B. *State v. Fleming*

**{¶11}** The State asserts that *Fleming* was wrongly decided. It reads *Fleming* to stand for the proposition that the State cannot establish a CPO violation if the defendant was not served the final CPO in accordance with Civ.R. 4.1.

**{¶12}** In *Fleming*, this court reviewed whether the State presented sufficient evidence to support Fleming's conviction under R.C. 2919.27(A) for recklessly violating a CPO. *Fleming*, 2023-Ohio-849, at ¶ 10 (1st Dist.). The trial court granted an ex parte CPO, which was personally served on Fleming. *Id.* at ¶ 2. The ex parte order expired in April 2021. *Id.* The trial court later issued an interim protection order and requested that the clerk mail the order to Fleming. *Id.* at ¶ 3. But at trial, the State presented no evidence that the clerk ever mailed that order to Fleming. *Id.* After a full CPO hearing, the trial court issued a final CPO in May 2020 and again instructed the clerk to mail the order to Fleming. *Id.* at ¶ 4. As with the interim order, there was no evidence that the final CPO was ever mailed to Fleming. *Id.* In May 2022, the State charged Fleming for violating the final CPO. *Id.* at ¶ 5.

---

[1] "Generally, it is an abuse of discretion to dismiss charges under Crim.R. 48(B) solely for the reason that the evidence is insufficient to support conviction." *State v. Lycan*, 2019-Ohio-689, ¶ 27 (5th Dist.); *see Flantoill*, 2024-Ohio-5224, at ¶ 12 (1st Dist.) ("Trial courts may not grant a pretrial motion to dismiss when it 'requires an examination of evidence.'"). In ruling that *Fleming* barred the State's case, the trial court necessarily considered what evidence the State would have presented at trial and determined that the State could not produce sufficient evidence to sustain a conviction at trial. This would generally be an impermissible reason to dismiss an indictment. But the State asked the trial court to dismiss the complaint on the basis that the State could not prove its case. So to the extent that the trial court abused its discretion when it dismissed the complaint based on insufficient evidence, the State invited that error.

**{¶13}** Reviewing the conviction, this court explained, "service of the civil protection order on the defendant is an element the state must prove beyond a reasonable doubt in any prosecution for violating a civil protection order under R.C. 2919.27(A)." *Id.* at ¶ 12, citing *State v. Smith*, 2013-Ohio-1698, ¶ 28. This court noted that the *Smith* Court held that "service in the context of civil protection orders has the same meaning as it does under the Ohio Rules of Civil Procedure." *Id.* at ¶ 12, citing *Smith* at ¶ 21.

**{¶14}** The *Fleming* court concluded that the State failed to prove that Fleming had been served with the CPO because it "presented no evidence that Fleming was served with either the interim or the final protection orders in accordance with Civ.R. 4.1." *Fleming*, 2023-Ohio-849, at ¶ 14 (1st Dist.). Though the opinion cited Civ.R. 4.1, the real issue in *Fleming* was that the State failed to present *any* evidence that Fleming had been served the full CPO in accordance with any rule of civil procedure, be it Civ.R. 4.1 or 65.1.

**{¶15}** The *Fleming* court noted that, while the trial court ordered the clerk to serve the interim and full CPO by mail, "the state presented no evidence of either a return receipt for certified mail or an entry of process on the docket in accordance with Civ.R. 4.1. Thus, there was insufficient evidence that the final order of protection was served on Fleming." *Id.* Because the State had failed to perfect service as allowed under R.C. 2919.27(D), this court reversed Fleming's conviction. *Id.* at ¶ 15, 17, 19. The *Fleming* court did not discuss Civ.R. 65.1, let alone hold that service of a CPO could not be accomplished according to its terms.

### C. The State invited any error

**{¶16}** Cooper argues that the State invited any error and therefore is not entitled to a reversal.

**{¶17}** The invited-error doctrine states that a party cannot "take advantage of an error that the party invited or induced the trial court to make." *State v. Cephas*, 2019-Ohio-52, ¶ 24 (1st Dist.); *see State v. Bey*, 85 Ohio St.3d 487, 493 (1999) ("Even if the trial court had erred by instructing the jury, Bey could not complain because he invited the error by requesting the instruction."); *see also State v. Watson*, 1997 Ohio App. LEXIS 1110, *9 (8th Dist. Mar. 20, 1997) ("Moreover, the state approved this procedure. Having invited any error, it cannot now complain.").

**{¶18}** At least one court has applied the invited-error doctrine where the State challenges the trial court's granting its request to dismiss under Crim.R. 48(A). *See State v. Wrage*, 2006-Ohio-3526, ¶ 9 (4th Dist.). In *Wrage*, the defendant moved to dismiss the complaint on speedy-trial grounds, and the trial court orally indicated that it would grant the defendant's motion to dismiss. *Id.* at ¶ 6. But before the trial court entered a dismissal, the State moved for leave to dismiss the case with prejudice under Crim.R. 48(A)—the trial court granted the State's request. *Id.* at ¶ 6. On appeal, the *Wrage* court rejected the State's argument that the trial court erred by dismissing the complaint on speedy-trial grounds because the State "in essence is arguing that the trial court should not have granted its request for leave to dismiss this case with prejudice." *Id.* at ¶ 9. As such, the *Wrage* court determined that the State had invited any error. *Id.*

**{¶19}** In this case, the State approached the trial court and declared that based on its reading of *Fleming*, it believed it would fail at trial to produce sufficient evidence to convict Cooper. The State did not attempt to argue that *Fleming* did not control or was otherwise distinguishable—as Cooper notes, *Fleming* is not as broad as the State suggested below.

**{¶20}** Though the State acknowledged that it could appeal the legal basis of an

acquittal based on *Fleming*, *see Bistricky*, 51 Ohio St.3d at 159, the State explained that it would prefer for the trial court to dismiss the complaint under Crim.R. 48(B) so that the State could appeal without jeopardy attaching. But as the *Bistricky* Court explained, R.C. 2945.67(A) permits the State to "appeal by leave of the court . . . any other decision, except the final verdict, of the trial court in a criminal case," including "substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *Bistricky* at syllabus. Under R.C. 2945.67, the General Assembly has afforded the State a specific avenue to pursue the type of relief it seeks in this appeal.

{¶21} The State represents to us that the trial courts in Hamilton County are consistently granting directed verdicts based on a reading of *Fleming* that forecloses service of CPOs in accordance with Civ.R. 65.1. If this is the case, then the State should appeal any such decisions under *Bistricky*, rather than inviting the trial court to make an error.

{¶22} The State came to the trial court with a problem it identified, asked the trial court to dismiss the case, and the trial court did exactly what the State asked it to do. If the trial court erred in holding that *Fleming* required it to dismiss Cooper's complaint, the State itself invited that error.

{¶23} We overrule the State's assignment of error.

### III. Conclusion

{¶24} For the foregoing reasons, we overrule the State's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CROUSE, P.J.,** and **NESTOR, J.,** concur.