[Cite as *State v. Barrow*, 2026-Ohio-811.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250259 |
| | | TRIAL NOS. 24/CRB/841/A |
| Plaintiff-Appellant, | : | 24/CRB/841/B |
| | | 24/CRB/841/C |
| vs. | : | |
| | | |
| ANTHONY BARROW, | : | |
| | | *JUDGMENT ENTRY* |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 3/11/2026 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Barrow*, 2026-Ohio-811.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                          |   |                |              |
|--------------------------|---|----------------|--------------|
| STATE OF OHIO,           | : | APPEAL NO.     | C-250259     |
|                          |   | TRIAL NOS.     | 24/CRB/841/A |
| Plaintiff-Appellant,     | : |                | 24/CRB/841/B |
|                          |   |                | 24/CRB/841/C |
| vs.                      | : |                |              |
|                          |   |                |              |
| ANTHONY BARROW,          | : |                |              |
|                          |   | *O P I N I O N* |             |
| Defendant-Appellee.      | : |                |              |

Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 11, 2026

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Meagan W. Myers*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Michael J. Trapp*, for Defendant-Appellee.

**CROUSE, Judge.**

**{¶1}** Plaintiff-appellant the State of Ohio appeals from the trial court's judgments granting defendant-appellee Anthony Barrow's motions to dismiss three charges of child endangerment, charged in violation of Cincinnati Mun.Code ("CMC") 915-3.

**{¶2}** For the reasons set forth in this opinion, we hold that the trial court erred in dismissing the child-endangerment charges. We accordingly reverse the trial court's judgments and remand this cause for further proceedings.

## I. Factual and Procedural History

**{¶3}** Three complaints were filed against Barrow in the Hamilton County Municipal Court charging him with violations of CMC 915-3. Each complaint pertained to a different child, but the complaints were otherwise identical.

**{¶4}** The complaints alleged that Barrow, on or about December 22, 2023, "create[d] a substantial risk to the health or safety of [the named child] by violating a duty of care, protection, or support, contrary to and in violation of Section 915-3 of the Cincinnati Municipal Code, a misdemeanor of the first degree." Each complaint specified Barrow's conduct that resulted in the charge, stating that he "left a firearm unsecure in his residence" and "failed to have a trigger lock or storage box to secure the firearm."

**{¶5}** Each complaint also contained a predominately preprinted "specification," providing in relevant part that "[t]he complaining officer further finds and specifies that the substantial risk to the child was created by the defendant negligently storing or leaving a firearm, to wit: SMITH & WESSON SD9 9MM [handwritten], in a manner or location in the defendant's RESIDENCE [handwritten], such that the defendant knew or reasonably should have known that the child was able

to gain access to the firearm."

{¶6} Barrow filed a motion to dismiss the charges of child endangerment in each case, arguing that CMC 915-3 was in conflict with R.C. 9.68, Ohio's firearms-uniformity law, and was therefore void.[1]

{¶7} At the time that Barrow filed his motions to dismiss, CMC 915-3 provided in relevant part that

(a) No person who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child shall create a substantial risk to the health or safety of the child by violating a duty of care, protection, or support.

(b) It shall be a substantial risk to the health or safety of a child for a person who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child to negligently store or leave a firearm in a manner or location in the person's residence or vehicle where the person knows or reasonably should know a child is able to gain access to the firearm.

(c) This section does not apply to a person who does either of the following:

(1) Stores or leaves a firearm in the person's residence or vehicle if the firearm is kept in safe storage; or

(2) Stores or leaves a firearm in the person's residence or

---

[1] The motions also argued that CMC 915-3 was unconstitutional because (1) it violated Barrow's rights under the Second and Fourteenth Amendments to the United States Constitution, (2) it violated Barrow's rights under Section 4, Article 1 of the Ohio Constitution, and (3) as applied to Barrow, "it [was] an over broad attempt by the City of Cincinnati pursuant to its police powers in violation of [Barrow's right to] 'due process' under the Fourteenth Amendment to the United States Constitution." The trial court did not address these arguments when ruling on Barrow's motions.

vehicle if a child gains access to the firearm as a result of any other person's unlawful entry into a person's residence or vehicle.

**{¶8}** After Barrow filed his motions to dismiss, this court issued its opinion in *West v. Cincinnati*, 2024-Ohio-1951 (1st Dist.). In *West*, we held that CMC 915-3(b) was preempted by R.C. 9.68 because the CMC provision "specifically establish[ed] that the negligent storage of firearms constitutes a 'substantial risk' to children in a way state and federal law do not." *Id.* at ¶ 39. We held, however, that because CMC 915-3(a) did not independently relate to firearms, and because CMC 915-3(c) "merely provide[d] exemptions to criminal liability under CMC 915-3(a)," the two provisions were not preempted by R.C. 9.68. *Id.*

**{¶9}** The State filed its response in opposition to Barrow's motions to dismiss after our opinion in *West* was issued. It argued that *West* did not enjoin enforcement of CMC 915-3 in its entirety, but rather enjoined the State from utilizing CMC 915-3(b)'s definition of what "shall be" considered a substantial risk. The State further argued that, at trial, the trier of fact would need to determine whether Barrow had recklessly created a substantial risk of harm by negligently storing a firearm.

**{¶10}** The trial court granted Barrow's motions to dismiss, holding that CMC 915-3 was preempted by R.C. 9.68. In so concluding, the trial court relied on this court's opinion in *Cincinnati v. State*, 2024-Ohio-2425 (1st Dist.).

**{¶11}** The State now appeals.

## II. Analysis

**{¶12}** In a single assignment of error, the State argues that the trial court erred when it granted Barrow's motions to dismiss and held that CMC 915-3 conflicts with R.C. 9.68.

**{¶13}** Typically, a trial court's dismissal of a complaint is reviewed for an abuse of discretion. *State v. Cooper*, 2026-Ohio-101, ¶ 10 (1st Dist.). But where, as here, the dismissal is based on a purely legal issue, our review is de novo. *Id.*

**{¶14}** "R.C. 9.68 gives 'persons in Ohio the right to carry a handgun unless federal or state law prohibits them from doing so' and prohibits municipal ordinances from infringing on that right." *Cincinnati*, 2024-Ohio-2425, at ¶ 3 (1st Dist.), quoting *Ohioans for Concealed Carry, Inc. v. Clyde*, 2008-Ohio-4605, ¶ 20. The statute "'declares null and void' any 'license, permission, restriction, delay, or process' imposed by political subdivisions of the state regarding many aspects of firearm ownership and trade, including storage." *West*, 2024-Ohio-1951, at ¶ 6 (1st Dist.), quoting R.C. 9.68(A). The state statute "sweeps broadly, nullifying any local government restrictions, processes, etc. that are not 'specifically provided by' federal or state law." *Id.* at ¶ 35.

**{¶15}** In *West*, this court squarely addressed whether CMC 915-3 was preempted by R.C. 9.68. *West* governs our resolution of this appeal, and its application dictates reversal of the trial court's judgments granting Barrow's motions to dismiss.

**{¶16}** In *West,* West filed a civil action against the City of Cincinnati and various city officials after he was charged in Hamilton County Municipal Court with child endangerment in violation of CMC 915-3. *Id.* at ¶ 2. The charges in the Municipal Court action were brought after West left an unloaded but unsecured firearm in his home, and his minor son's friend picked up the weapon, loaded it, and shot West's son. *Id.* In the civil action, West asked, as relevant to this appeal, for a declaratory judgment that CMC 915 was preempted by R.C. 9.68. *Id.* at ¶ 3. He also requested a temporary restraining order and preliminary injunction against the enforcement of CMC 915-3. *Id.* Following a hearing, the trial court granted West a permanent injunction against

6

the enforcement of CMC 915 in its entirety, finding that CMC 915, including CMC 915-3, was preempted and voided by R.C. 9.68. *Id*. at ¶ 9. The City appealed.

**{¶17}** On appeal, we first addressed whether CMC 915-3(a), which provides that "[n]o person who is the parent . . . of a child shall create a substantial risk to the health or safety of the child by violating a duty of care, protection, or support," was preempted by R.C. 9.68. We explained that CMC 915-3(a) "essentially mirror[ed] the state's child endangerment statute, R.C. 2919.22(A)" and that it did "not mention or relate to firearms in any way." *West*, 2024-Ohio-1951, at ¶ 36 (1st Dist.). We accordingly held that CMC 915-3(a) was not in conflict with R.C. 9.68. *Id*.

**{¶18}** We reached a different determination with respect to CMC 915-3(b), which, as set forth above, provided that "[i]t shall be a substantial risk to the health or safety of a child for a person who is the parent . . . of a child to negligently store or leave a firearm in a manner or location in the person's residence or vehicle where the person knows or reasonably should know a child is able to gain access to the firearm." We held that CMC 915-3(b) was "preempted and nullified by R.C. 9.68(A)" because it "regulate[d] the negligent storage and keeping of firearms in a way not specifically provided for by state or federal law" and went "*further* than state law by defining 'substantial risk' to *specifically* encompass the negligent storage of firearms." (Emphasis in original.) *Id*. at ¶ 37 and 39.

**{¶19}** We further held that CMC 915-3(c), although *related* to firearm storage, did not impose a further restriction on storage of firearms "because it merely provide[d] an avenue for a person accused of violating CMC 915-3(a) to prove an exemption from criminal liability under that law." *Id*. at ¶ 38. We explained that this subdivision "allow[ed] for someone accused of violating the City's child endangerment law, which the parties seemingly agree can encompass situations relating to firearms

7

regardless of the status of CMC 915-3(b), to avoid liability by showing that they engaged in 'safe storage' or that the child gained access to the firearm because of another person's unlawful entry into their home or vehicle." *Id.*

**{¶20}** In *West*, we ultimately affirmed the trial court's order granting a declaratory judgment that CMC 915-3(b) was preempted by R.C. 9.68 and enjoining the city from enforcing it. *West*, 2024-Ohio-1951, at ¶ 41 (1st Dist.). But we held that the trial court erred in granting relief regarding "all other parts of CMC 915," including subdivisions (a) and (c) of CMC 915-3. *Id.*

**{¶21}** Following *West*, the State may continue to charge offenders under CMC 915-3. And those charges may relate to the offender's storage of firearms. *See id.* at ¶ 38 (implicitly recognizing that charges under CMC 915-3 "can encompass situations relating to firearms regardless of the status of CMC 915-3(b)").

**{¶22}** In the complaints filed against Barrow, the State did not specify a subsection of CMC 915-3. However, it is clear that CMC 915-3(a) is the charging provision of CMC 915-3. *See West* at ¶ 33 ("CMC 915-3(a) renders it a crime for a person who is in control of a child, such as a parent, to 'create a substantial risk to the health or safety' of the child."). CMC 915-3(b), before it was preempted by R.C. 9.68, eliminated the City's need to prove that the negligent storage of a firearm created a substantial risk to the health or safety of a child. As we noted in *West*, "a factfinder assessing whether Mr. West violated CMC 915-3(a) would have to assess whether he negligently stored or kept his firearms under CMC 915-3(b), rather than simply determining whether he created a substantial risk to the children." *See id.* at ¶ 37.

**{¶23}** Going forward, without the availability of CMC 915-3(b), where child-endangerment charges concern the negligent storage of firearms, the trier of fact must decide, based on the individual facts of each case, whether the offender's storage of the

8

firearm created a substantial risk to the health or safety of the child. This is in parity with state law. *See, e.g., State v. Wyatt*, 2004-Ohio-6546, ¶ 27 (9th Dist.) (holding that a conviction for child endangerment in violation of R.C. 2919.22 was supported by sufficient evidence and that defendant "clearly" created a substantial risk where defendant left a loaded firearm on the floor of a bedroom within easy access of young children); *State v. Howard*, 2007-Ohio-3170, ¶ 87 (7th Dist.) (where defendant "left a loaded, cocked, ready-to-be-fired handgun under a bed in the house where his ten-year-old and twelve-year-old sons had access to it," defendant put his children's health and safety at a substantial risk and his convictions for child endangering were not against the manifest weight of the evidence).

{¶24} Here, Barrow was charged with three violations of CMC 915-3. All three complaints alleged that Barrow had created a substantial risk to the health or safety of the children named in the complaints by violating a duty of care, protection, or support. This language appropriately tracked CMC 915-3(a). The complaints provided further information about the charges, including both a handwritten statement from the officer and a preprinted specification providing that the charges related to Barrow's negligent storage of a firearm. At trial, the State will be required to prove that Barrow's storage of the firearm did, in fact, create a substantial risk to the health or safety of the children.

{¶25} The trial court's reliance on *Cincinnati*, 2024-Ohio-2425 (1st Dist.), to grant Barrow's motion to dismiss was misplaced. In *Cincinnati*, we were asked to determine the constitutionality of amended R.C. 9.68 and whether it violated the Home Rule Amendment. *Cincinnati* at ¶ 1. *West*, rather than *Cincinnati*, governs the resolution of this appeal. And the trial court's holding that the charges against Barrow must be dismissed because CMC 915-3 was preempted by R.C. 9.68 was in

contravention of *West*.

**{¶26}** We accordingly hold that the trial court erred in granting Barrow's motions to dismiss and sustain the State's assignment of error.

### III. Conclusion

**{¶27}** While CMC 915-3(b) was preempted by R.C. 9.68, the remaining provisions of CMC 915-3 were not. The State may bring charges under CMC 915-3(a), and those charges may relate to an offender's negligent storage of firearms. The trial court's judgments granting Barrow's motions to dismiss are reversed, and this cause is remanded for further proceedings consistent with the law and this opinion.

Judgments reversed and cause remanded.

**BOCK, J.,** concurs.
**ZAYAS, P.J.,** dissents.

**ZAYAS, P.J.,** dissenting.

**{¶28}** While I agree that the State may bring charges under CMC 915-3(a), I respectfully dissent. The complaints at issue here included the element contained in CMC 915(b) that this court preempted and nullified in *West*, 2024-Ohio-1951, at ¶ 39 (1st Dist.). In other words, the complaints direct the factfinder to determine whether Mr. Barrow created a substantial risk to children merely by assessing the storage and keeping of the firearm, without any need to consider other facts or circumstances.

**{¶29}** "Ohio courts have recognized that a complaint sufficiently satisfies Crim.R. 3 'when all the elements constituting the offense charged are sufficiently set forth and nothing therein contained is ambiguous.'" *State v. Hoerig,* 2009-Ohio-541, ¶ 14 (3d Dist.), quoting *State v. White-Barnes*, 1992 Ohio App. LEXIS 6261, *5 (4th Dist. Dec. 8, 1992); *City of Parma v. Mentch*, 2014-Ohio-5690, ¶ 10 (8th Dist.). All of

the material elements of the crime must be included in the complaint. *Mentch* at ¶ 10.

**{¶30}** Here, the complaints define the creation of the "substantial risk," an element of child endangerment, as "negligently storing or leaving a firearm." This language is identical to the language of CMC 915(b),[2] which *West* invalidated. In *West*, this court nullified CMC 915(b), precisely because the ordinance redefined the element of "'substantial risk' to *specifically* encompass the negligent storage of firearms." (Emphasis in original.) *West* at ¶ 37.

**{¶31}** Ultimately the *West* court affirmed the trial court's judgment permanently enjoining the City from enforcing CMC 915-3(b). *Id*. at 41. Thus, the City is prohibited from charging an offense under CMC 915-3(b).

**{¶32}** Here, the City filed these complaints before *West* was decided. Although the complaints do not specify the subsections charged, the complaints track the language of both CMC 915-3 (a) and (b). The complaints specify "that the substantial risk to the child was created by the defendant negligently storing or leaving a firearm . . ., in a manner or location in the defendant's residence such that the defendant knew or reasonably should have known that the child was able to gain access to the firearm . . . ."

**{¶33}** Under the state criminal-endangerment statute, "substantial risk" is defined as "a strong possibility, as contrasted with a remote or significant possibility that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). Like the complaint in *West*, the complaints here redefine "'substantial risk' to *specifically* encompass the negligent storage of firearms." *See West* at ¶ 37.

---

[2] CMC 915(b) states, "It shall be a substantial risk to the health or safety of a child for a person who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child to negligently store or leave a firearm in a manner or location in the person's residence or vehicle where the person knows or reasonably should know a child is able to gain access to the firearm."

"Put another way, a factfinder assessing whether Mr. West violated CMC 915-3(a) would have to assess whether he negligently stored or kept his firearms under CMC 915-3(b), rather than simply determining whether he created a substantial risk to the children." *Id.* *West* invalidated CMC 915-3(b) because it established "that the negligent storage of firearms constitutes a 'substantial risk' to children in a way state and federal law do not." *Id.* at ¶ 39.

**{¶34}** Accordingly, I would affirm the judgments of the trial court.